David **CULP** et al., Petitioners-Appellants,

v.

William **MARTIN**, U. S. Marshal, et al., Respondents-Appellees.

No. 72-3784.

United States Court of Appeals, Fifth Circuit.

Jan. 10, 1973.

David Culp, pro se.

William J. Schloth, U. S. Atty., Macon, Ga., for respondents-appellees.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

David Culp, Weldon Fossey and Burton Turner apply for leave to appeal in forma

pauperis[1] from the district court's refusal to permit them to file a complaint in forma pauperis under 42 U.S.C. § 1983. We grant their motion and remand the case for further consideration.[2]

The applicants are three federal prisoners presently incarcerated at the United States Penitentiary in Atlanta, Georgia. On September 14, 1972 they were transferred from that institution to the Dougherty County Jail in Georgia, apparently to testify at a trial, and were returned to the Atlanta penitentiary on about September 20, 1972.

On September 26, 1972, the applicants filed in the district court a complaint under 42 U.S.C. § 1983 for injunctive relief and damages. In their petition to proceed in forma pauperis, they alleged that the conditions in the Dougherty County Jail were so substandard as to constitute cruel and unusual punishment. The applicants also complained that the guards at the jail, under the direction of the sheriff, had confiscated some of their personal property, including money, clothing, law books, and legal pleadings. The petition set forth a claim for $1,-000,000 in actual and punitive damages.

The district court summarily denied the applicants' request to proceed in forma pauperis on the ground that their return to Atlanta had rendered the controversy moot.

It is clear that the applicants presently lack standing to seek injunctive relief with respect to the alleged conditions in the Dougherty County Jail. Williams v. United States Department of Justice, 5 Cir. 1972, 462 F.2d 1291. Their claims for damages resulting from these conditions, and for the return of their confiscated property, are still viable, however. Simmons v. Wainwright, 5 Cir. 1972, 462 F.2d 1340, 1342, fn. 1; United States ex rel. Jones v. Rundle, 3 Cir. 1971, 453 F.2d 147, 150.

Accordingly, we permit this appeal to proceed in forma pauperis and vacate the judgment below. The district court is directed to consider further the applicants' claim for relief under § 1983.

Vacated and remanded.

---

1. 28 U.S.C. § 1915.

2. It is appropriate to dispose of this case summarily. *See* Groendyke Transportation, Inc. v. Davis, 5 Cir. 1969, 406 F.2d 1158.