**Abraham Joseph Neal RHODES, who now uses the name Abraham J. Rosenberg, Plaintiff-Appellant,**

v.

**BUREAU OF PRISONS et al., Defendants-Appellees.**

No. 72-3419
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.
April 27, 1973.

York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**348**

Abraham J. Rosenberg, pro. se.

Roby Hadden, U. S. Atty., Tyler, Tex., Charles E. Myers, Asst. U. S. Atty., Beaumont, Tex., for defendants-appellees.

Before BELL, GODBOLD and IN-GRAHAM, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the district court dismissing a civil rights action filed pursuant to 42 U.S.C. § 1983 seeking injunctive relief and damages. We affirm, but for reasons somewhat different from those assigned below.

Appellant, a prisoner incarcerated in the Federal Correctional Institution at Texarkana, Texas, filed his complaint in the United States District Court for the District of Columbia. He sought an injunction against the Bureau of Prisons and the warden at Texarkana, in connection with their alleged interference with his mail and his right to communicate with the courts. The case was transferred on motion of respondents to the court from whence this appeal was taken. Prior to the order of transfer, the appellant had notified the court of his transfer from Texarkana to Eglin Air Force Base. After the order of transfer he filed in the transferor court an amended complaint seeking $25,000 damages from each named respondent. This amendment is a part of the record which was transmitted with the case to the transferee court. The case was then dismissed.

We agree that the claim for injunctive relief was rendered moot by appellant's transfer out of the district. See Russell v. Henderson, 5 Cir. 1973, 475 F.2d 1138. However, the fact that appellant is no longer confined in the district does not affect his standing to seek damages in connection with the alleged wrongdoings. Culp v. Martin, 5 Cir. 1973, 471 F.2d 814. Nevertheless, standing is of no avail to appellant. Although the district court erroneously dismissed the damage claim as moot, we do not deem it necessary to remand the case for further proceedings since, as a matter of law, appellant has failed to present any legal basis upon which he could recover under 42 U.S.C. § 1983. See Roots v. Callahan, 5 Cir., 1973, 475 F.2d 751 [No. 72–3589, March 20, 1973]; Norton v. McShane, 5 Cir. 1964, 332 F.2d 855, 862; Bethea v. Reid, 3 Cir. 1971, 445 F.2d 1163, 1164; Williams v. Rogers, 8 Cir. 1971, 449 F.2d 513, 517.

Affirmed.