UNITED STATES of America ex rel.
John M. RATCHFORD

v.

Joseph MAZURKIEWICZ (Individually and in Official Capacity) Superintendent, State Correctional Institution.

No. 77–1796.

United States District Court,
E. D. Pennsylvania.

May 23, 1978.

See also 451 F.Supp. 675.

John M. Ratchford, pro se.

Margret E. Anderson, Asst. Atty. Gen., Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

LUONGO, District Judge.

John M. Ratchford, a prisoner confined at the State Correctional Institution at Graterford, Pennsylvania, filed this complaint pro se on May 25, 1977. Ratchford seeks both damages and equitable relief under the Civil Rights Act of 1871, 42 U.S.C. § 1983 (1970), and under the fourteenth amendment, as well as a declaratory judgment. Defendant Mazurkiewicz, the super-

intendent of the State Correctional Institution at Bellefonte, Pennsylvania, moved for summary judgment on November 30, 1977. I took no action on that motion while Ratchford tried to secure private counsel to assist him in this case. Ratchford's efforts in this regard were unavailing, however, and he advised the court by letter that he desired a prompt ruling on the pending motion for summary judgment, to which he has filed no response. For the reasons hereafter stated, I conclude that defendant Mazurkiewicz' motion for summary judgment should be granted.

The facts of this case, viewed in the light most favorable to Ratchford,[1] may be stated as follows. At the time of the events in question, Ratchford was confined at the State Correctional Institution at Bellefonte, Pennsylvania. While there, Ratchford had assisted Harry Phillips, another inmate at the Bellefonte institution, in preparing a civil action. At the request of counsel for the (unidentified) defendant in Phillips' action, Bellefonte officials authorized a conference between Phillips and defense counsel so that Phillips' deposition could be taken. This conference took place at the prison on the morning of October 6, 1976. Also in attendance were Lieutenant Shilling of the Bellefonte staff, a stenographic reporter, and Ratchford.

Later that day, Superintendent Mazurkiewicz learned that Ratchford had attended the conference, although no prior authorization had been requested or obtained. Mazurkiewicz took this to mean that Ratchford had been absent from his assigned work area that morning without authorization. At this point, Mazurkiewicz instructed Lieutenant Shilling to write up a misconduct report on this incident, which would trigger an investigation of the underlying facts. Lieutenant Shilling then prepared a misconduct report, which charged Ratchford with (1) being in an unauthorized area (the conference room), (2) unauthorized absence from work, and (3) violating prison

regulations pertaining to attendance at a conference between another inmate and his attorney.

At 9:00 P.M. that same day, the block sergeant locked Ratchford in his cell, and placed "a special padlock and lock bar" on the door "for double locking." Complaint p. 3. The block sergeant then handed Ratchford a copy of the misconduct report prepared by Lieutenant Shilling.

At 7:45 the following morning, when the other prisoners "were called to attend Catholic mass and services in the [prison] Chapel," Ratchford was prevented from attending due to his lockup status. Complaint p. 6. Ratchford sent word to Monsignor Walsh, the prison chaplain, who came to Ratchford's cell, read the copy of the misconduct report, and talked to Ratchford about his first amendment right to practice his religion. *Id.*

At 9:00 that same morning, Ratchford filled out a prison request slip addressed to Deputy Superintendent Wilson, seeking permission to telephone a federal district judge sitting in the Western District of Pennsylvania to request a protective order in a pending case brought, with Ratchford's assistance, by inmate Phillips. However, "[t]he Deputy Superintendent took no immediate action on the request slip . . . and therefore [Ratchford] was not permitted to telephone the [judge] as acting attorney for the inmate Harry Phillips." Complaint p. 4.

On October 8, 1976, the following day, a hearing committee found Ratchford not guilty on all three charges contained in the misconduct report. Defendant Mazurkiewicz' affidavit states that

"the misconduct was dismissed and destroyed since it was established that the inmate was absent from work for administrative reasons. The other charge regarding the plaintiff being in an unauthorized area without prior authorization

---

1. *See, e. g., Bishop v. Wood,* 426 U.S. 341, 347 n. 11, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam); *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir. 1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

was also dismissed even though the plaintiff did not have administrative authorization to be in that area because the supervising lieutenant permitted the inmate to enter into that area without challenging the plaintiff's authorization to be in that area."

Mazurkiewicz Affidavit at 5.

On May 15, 1977, Ratchford filed this complaint, asserting claims under section 1983 and under the fourteenth amendment. Ratchford contends that he was denied equal protection of the laws, and that his right of access to the courts was violated, when Lieutenant Shilling attended the conference on Phillips' case. Ratchford also asserts that Mazurkiewicz retaliated against him for representing Phillips in that case by ordering his lockup on an intentionally falsified misconduct report. Furthermore, Ratchford contends that his lockup without a prior hearing was a denial of procedural due process. Finally, insofar as his lockup status on the morning of October 7 prevented him from attending religious services and from telephoning a federal judge on behalf of Phillips, his "client," Ratchford urges that this violated both his first amendment right to the free exercise of religion and his due process right of access to the courts. Mazurkiewicz, as I noted earlier, seeks summary judgment on all of Ratchford's claims.

With respect to motions for summary judgment, Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

After carefully considering Ratchford's various claims and examining the factual record, which consists of the complaint, the answer, and the single affidavit filed by Mazurkiewicz, I am persuaded that Mazurkiewicz is entitled to judgment as a matter of law on each of Ratchford's claims.

## ACCESS TO THE COURTS

■ As I noted earlier, Ratchford urges that Mazurkiewicz impermissibly infringed on his due process right of access to the courts, *Procunier v. Martinez,* 416 U.S. 396, 419, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), by (1) permitting Lieutenant Shilling to sit in on the conference between Phillips and a visiting attorney, (2) ordering Lieutenant Shilling to prepare a misconduct report against Ratchford in retaliation for his representation of Phillips, and (3) preventing Ratchford, while in lockup, from making a telephone call to a federal district court judge on behalf of Phillips. Perhaps it would suffice to say that if these events impaired *anyone's* right of access to the courts, it was Phillips' right, and not Ratchford's, that was affected. Ratchford lacks standing to complain of impairment to Phillips' right of access. *See, e. g., Singleton v. Wulff,* 428 U.S. 106, 113–18 (plurality opinion), 123–31, 96 S.Ct. 2868, 49 L.Ed.2d 826 (Powell, J., dissenting in part) (1976); *Barrows v. Jackson,* 346 U.S. 249, 254–59, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953). *See generally* L. Tribe, American Constitutional Law §§ 3–25, 3–26 (1978).

■ Assuming, in the alternative, that the factual allegations just recited implicate a constitutional right that Ratchford may assert, Mazurkiewicz is nevertheless entitled to summary judgment. To put it plainly, the record contains no basis for imposing liability on Mazurkiewicz for any of the events under discussion here. With respect to Lieutenant Shilling's presence during the conference between Phillips and the attorney, Ratchford nowhere alleges that Mazurkiewicz even knew of, much less that he ordered, this "interference" with Ratchford's assistance of Phillips. Indeed, in his affidavit, Mazurkiewicz states that he "had no knowledge that the plaintiff assisted Phillips with any specific legal action." Mazurkiewicz Affidavit at 3. With respect to the allegedly retaliatory misconduct report, Mazurkiewicz further states in his affidavit that he ordered Lieutenant Shilling

to prepare the report because he believed that Ratchford had violated prison regulations, and not out of any intent to retaliate against Ratchford for his legal assistance to other inmates. *Id.* 1–3. Finally, although Ratchford alleges that Mazurkiewicz ordered the lockup on the evening of October 6, 1976, Mazurkiewicz' affidavit explicitly refutes this allegation: "The defendant, Mazurkiewicz, did not order the plaintiff confined to his own cell pending disposition of the hearing." *Id.* 3. Rather, according to the affidavit, Lieutenant Shilling, together with the shift commander, determined that Ratchford should be placed in lockup pending the hearing on the misconduct report. *Id.* As I noted earlier, Ratchford has submitted no affidavits or other material in opposition to the Mazurkiewicz affidavit.

In short, as the record now stands, I see no basis whatever for imposing liability on Mazurkiewicz, whether under section 1983 or directly under the fourteenth amendment, for any alleged violation of the right of access to the courts. Accordingly, I will enter summary judgment in favor of Mazurkiewicz on those claims.

## EQUAL PROTECTION OF THE LAWS

■ Ratchford asserts that Lieutenant Shilling's presence during the conference between Phillips and the visiting attorney was a denial of equal protection. Complaint p. 4. Although I am hard pressed to discern even a colorable claim under the equal protection clause in Ratchford's account of this incident, I note once again that any effort to impose liability on Mazurkiewicz for such a violation cannot succeed. As I pointed out earlier, Ratchford does not allege that Mazurkiewicz even knew Shilling would be present during the conference, much less that he *ordered* Shilling to attend. Under the circumstances, even if Shilling's attendance somehow worked a denial of equal protection, Ratchford has no cause of action against Mazurkiewicz for that injury. I will therefore enter summary judgment for Mazurkiewicz on this claim.

## PROCEDURAL DUE PROCESS

■ Ratchford also asserts that he was deprived of liberty without due process of law when he was placed in lockup to await a hearing on the misconduct report filed by Lieutenant Shilling. As I understand Ratchford's argument, he contends that under the circumstances of this case, due process required a hearing on the misconduct report *before* he was placed in lockup. I need not decide whether the lockup in this case amounted to a deprivation of "liberty" within the meaning of the due process clause. *See also Saunders v. Packel,* 436 F.Supp. 618, 623 (E.D.Pa.1977). Mazurkiewicz' affidavit stating that he did not order Ratchford's lockup stands unrebutted, and the complaint contains no other allegations bearing on Mazurkiewicz' knowledge of, or participation in, the decision to place Ratchford in lockup. Under the circumstances, I see no basis for imposing liability on Mazurkiewicz, whether under section 1983 or directly under the fourteenth amendment, and I will therefore enter summary judgment in favor of Mazurkiewicz on this claim.

## FREE EXERCISE OF RELIGION

■ Finally, Ratchford asserts that his free exercise rights were unlawfully infringed when he was prevented from attending religious services while in lockup on the morning of October 7, 1976. *See generally* Comment, *The Religious Rights of the Incarcerated,* 125 U.Pa.L.Rev. 812 (1977). Once again, however, the record establishes that Mazurkiewicz did not order the lockup, and the complaint alleges no other act or omission on his part that might support a finding of liability for any infringement of Ratchford's first amendment rights. Under the circumstances, then, I will enter summary judgment for Mazurkiewicz on this claim.

## CONCLUSION

In summary, the factual record rebuts all the allegations of culpable involvement by

Mazurkiewicz in the events described in the complaint, and Mazurkiewicz is therefore entitled to summary judgment.