WEAVER, Francis Eugene, and the Inmates of Tioga County Prison et al.

v.

WILCOX, John R., (Jack), Sheriff, Sheriff's Dept., Tioga County, Pa., Bartlett, O. Richard, Commissioner, Tioga County, Pa., Emmons, Van, Commissioner, Tioga Cty., Moore, Jermit H., Commissioner, Tioga Cty., Pa., Appellees.

Appeal of Francis E. WEAVER.

No. 80–2127.

United States Court of Appeals, Third Circuit.

Argued April 21, 1981.

Decided May 29, 1981.

Frederick M. Stanczak (argued), James T. Rague, Jonathan E. Butterfield, Susquehanna Legal Services, Williamsport, Pa., for appellant.

Mark M. Wilcox (argued), William A. Hebe, Spencer, Gleason & Hebe, Wellsboro, Pa., for appellees.

Before HUNTER, SLOVITER, Circuit Judges, and STAPLETON,* District Judge.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

Plaintiff, Francis E. Weaver, appeals from a final judgment of the United States District Court for the Middle District of Pennsylvania dismissing his claim for failure to exhaust state administrative and judicial remedies. Appellant, a temporary inmate at Tioga County jail, filed a *pro se* complaint alleging numerous constitutional violations at the facility. The district judge, acting upon the recommendation of a magistrate, construed appellant's complaint as alleging a cause of action under the federal Declaratory Relief and Mandamus Acts,[1] he therefore held that appellant was barred by exhaustion principles from bringing his claims. We hold that appellant's complaint may state, if proper standing is demonstrated, a cause of action under 42 U.S.C. § 1983 (1976). Such an action would not be subject to the exhaustion doctrine. Therefore, we will reverse the lower court's judgment and remand for proceedings in accordance with this opinion.

---

\* Honorable Walter K. Stapleton, United States District Judge for the District of Delaware, sitting by designation.

1. 28 U.S.C. §§ 2201 & 2202 (1976); 28 U.S.C. § 1361 (1976).

2. Appellant is currently serving a term of imprisonment at the State Correctional Institution Dallas in Dallas, Pennsylvania. There is no indication in the record that appellant has been confined to the Tioga County Prison more than

## I.

On June 10, 1980, appellant filed a complaint in district court alleging numerous constitutional violations at the Tioga County Prison. Appellant was temporarily confined to the Tioga prison during April, 1980, while he testified at a trial in Tioga County, Pennsylvania.[2] He asserted in his form complaint that during his brief incarceration he witnessed and was subject to unconstitutional conditions at the prison, including the denial of an adequate law library for prisoner use, prohibitions on prisoners' collaboration in legal research and writing tasks, denial of out-of-doors exercise periods, deprivation of sanitary facilities for bathing and washing clothes, and denial of a written request or grievance procedures. *Appellant's Appendix* at 6–7. Appellant sought a preliminary injunction and declaratory judgment against the defendants to remedy these conditions.[3]

Upon receiving the complaint, the trial judge referred appellant's case to a federal magistrate. 28 U.S.C. § 636(b)(1) (1976) (federal Magistrate's Act). The magistrate, in a brief report, recommended that appellant's complaint be dismissed for failure to exhaust his state judicial and administrative remedies. The report stated:

> While Plaintiff's complaint is written on a form designating his action as one raised under the Civil Rights Act, 42 U.S.C. § 1983, in actuality the jurisdictional bases for Plaintiff's action are 28 U.S.C. § 1361 and 28 U.S.C. § 2201 and 2202, since the sole remedies sought by Plaintiff are mandamus, declaratory and injunctive in nature.

---

once or will be reincarcerated in that facility in the future.

3. Although appellant was no longer subject to the unconstitutional conditions at the time he filed his complaint, he sought as his relief only a *preliminary injunction and declaratory relief* to remedy the conditions at the prison. He did not seek damages. He explicitly reserved however, his right to amend the complaint as needed. *See* Appellant's *pro se* complaint, *reprinted in* Appellant's Appendix at 6, 8.

In cases of this nature it is clear that a state inmate, just as a federal inmate, must exhaust all of his available state judicial and administrative remedies before he presents his case on the merits to a federal district court. *Preiser v. Rodriguez*, 411 U.S. 475, 490–492 [93 S.Ct. 1827, 1836–37, 36 L.Ed.2d 439] (1973); *Pitchess v. Davis*, 421 U.S. 482 [95 S.Ct. 1748, 44 L.Ed.2d 317] (1975); *Waddell v. Alldredge*, 480 F.2d 1078 (3d Cir. 1973). Magistrates Report at 1, *reprinted in* Appellant's Appendix at 15. The district court, in a separate order on June 30, 1980, adopted the Magistrate's recommendation.

## II.

██ The district court erred in construing appellant's *pro se* complaint as one brought under the federal Declaratory Relief and Mandamus Acts. While a litigant might seek a declaration that the conditions at a prison facility are in violation of constitutional standards, the Declaratory Relief Act, 28 U.S.C. §§ 2201 and 2202 (1976),[4] does not provide the jurisdictional basis for such actions. *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 878–79, 94 L.Ed. 1194 (1949). Rather, the Act empowers a federal court to grant the remedy only when there is already an actual controversy, based upon independent jurisdictional grounds, before the court. *See Wells v. United States*, 280 F.2d 275, 277 (9th Cir. 1960) ("It is well settled . . . that said Act does not of itself create jurisdiction; it merely adds an additional remedy where the district court already has jurisdiction to entertain the suit."). In the instant case, it appears to us that appellant intended to bring his claim under 42 U.S.C. § 1983. *See* text accompanying notes 7–11 *infra*. The jurisdictional basis for his action would therefore be 28 U.S.C. § 1343(3) and (4) (1976), not the Declaratory Relief Act. The district court erred in assuming that a plaintiff who seeks as one of his remedies a declaratory judgment brings his action under sections 2201 and 2202. Many litigants, including appellant, touch upon these provisions only to secure a specific remedy, not to provide the vehicle for their cause of action or jurisdiction. *See, e. g., Educational Equality League*, 333 F.Supp. 1202 (E.D. Pa.1971). We hold that appellant in this case did not bring his cause of action under the Declaratory Relief Act and therefore was not subject to the exhaustion principles that may be attendant to that Act.[5]

██ Similarly, we hold that the district court erred in interpreting appellant's section 1983 action as one brought under the federal Mandamus Act. Even if appellant had wanted to state a cause of action under 28 U.S.C. § 1361 (1976),[6] he could not have done so. Section 1361, by its terms, applies only to writs issued against an "officer or employee of the United States." Appellant brought his action against state officials at the Tioga County prison only, not against federal officers.

██ As this court reads it, and as appellees' counsel candidly admitted at oral argument, appellant's complaint, both on its

---

**4.** § 2201. Creation of Remedy

In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

§ 2202. Further Relief

Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

**5.** The courts are divided on whether there is an exhaustion requirement for securing a declaratory judgment. *Compare Rhodes v. United States*, 574 F.2d 1179, 1181 (5th Cir. 1978) (litigant must exhaust state administrative remedies before seeking declaratory judgment) *with Payne v. Whitmore*, 325 F.Supp. 1191, 1193 (D.C.Cal.1971) (no exhaustion requirement).

**6.** Title 28 U.S.C. Section 1361 provides:

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

face and in content, alleges a cause of action under 42 U.S.C. § 1983 (1976). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, other proper proceeding for redress.

Section 1983 is often used, in conjunction with its jurisdictional provision, 28 U.S.C. § 1343(3) and (4), to redress constitutional deprivations at prison facilities. *See, e. g., Sweet v. South Carolina Dept. of Corrections*, 529 F.2d 854 (4th Cir. 1975); *Wojtczak v. Cuyler*, 480 F.Supp. 1288 (E.D. Pa.1979).[7] In his complaint, conspicuously entitled "FORM TO BE USED BY A PRISONER FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983," appellant alleges a series of constitutional violations by the defendants. He claimed violations of the first amendment right to access to the courts, *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977);[8] and eighth amendment violations caused by the oppressive conditions at the prison, *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978).[9] If appellant proves these allegations, and has standing to assert them, he will be entitled to relief under the federal Civil Rights Act, 42 U.S.C. § 1983. Therefore, given this court's policy of interpreting *pro se* complaints liberally,[10] we must view appellant's complaint as one alleging a cause of action under section 1983.[11]

Unlike actions under the federal Mandamus Act, actions under section 1983 do not carry with them the added requirement that the plaintiff exhaust his state remedies before bringing his federal action. It is the clear rule of this circuit that "prisoners need not exhaust administrative remedies before bringing an action under § 1983." *United States ex rel. Ricketts v. Lightcap*, 567 F.2d 1226, 1230 (3d Cir. 1977). *See Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971) (per curiam). Similarly, it has been held that plaintiffs need not exhaust state judicial remedies prior to filing their section 1983 action.[12] *See Board of Regents v.*

---

7. *See generally* Comment, *Confronting the Conditions of Confinement—An Expanded Role for Courts in Prison Reform*, 12 Harv.C.R.–C.L. L.Rev. 367 (1977).

8. *See Wolff v. McDonnell*, 418 U.S. 539, 577–80, 94 S.Ct. 2963, 2985–86, 41 L.Ed.2d 935 (1974) (inmates' rights to assist one another in preparation of legal materials); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) (right to seek help from fellow inmates); *Kirby v. Blackledge*, 530 F.2d 583, 586 (4th Cir. 1976) (right to adequate law library facilities); *Bryan v. Werner*, 516 F.2d 233 (3d Cir. 1975) (right of access to courts).

9. *See Gates v. Collier*, 501 F.2d 1291 (5th Cir. 1974).

10. See *Jerry v. Francisco*, 632 F.2d 252, 257–58 (3d Cir. 1980) (Adams, J. concurring); *Henderson v. Fisher*, 631 F.2d 1115, 1117 (3d Cir. 1980) (per curiam); *United States ex rel. Walker v. Fayette Cty., Pa.*, 599 F.2d 573, 575 (3d Cir. 1979). *Accord Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers).

11. It should also be noted that the trial judge dismissed appellant's complaint as "frivolous, lacking in probable cause, and not taken in good faith." While we recognize that appellant's complaint contains many standard objections to the prison system, we agree with the fifth circuit that "a judge cannot allow the personal view that the allegations of a pro se complaint are implausible to temper his duty to appraise suit pleadings liberally." *Slavin v. Curry*, 574 F.2d 1256, 1260 (5th Cir. 1978).

12. The only exception to this rule is when a prisoner's section 1983 action challenges the "fact or duration of his confinement." In such cases, the plaintiff's complaint is construed as one for petition for writ of habeas corpus; the petitioner is then required to exhaust his state remedies in accordance with the statute governing the writ. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). *See generally* S. Nahmod, Civil Rights & Civil Liberties Litigation 143 (1979). The appellant in this case does not challenge, on his own

*Tomanio*, 446 U.S. 478, 491, 100 S.Ct. 1790, 1798, 64 L.Ed.2d 440 (1980); *McNeese v. Board of Education*, 373 U.S. 668, 672, 83 S.Ct. 1433, 1435, 10 L.Ed.2d 622 (1962); *Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961). We must therefore find that the district court erred when it dismissed appellant's complaint for failure to exhaust state remedies.

### III.

■ Although it appears that appellant's complaint may state a proper cause of action under 42 U.S.C. § 1983, he may not have standing to bring this suit. Courts have held consistently that an inmate does not have standing to sue on behalf of his fellow prisoners. *See Fowler v. Graham*, 478 F.Supp. 90 (D.C.S.C.1979); *United States ex rel. Ratchford v. Mazurkiewicz*, 451 F.Supp. 671 (E.D.Pa.1978); *Tyler v. Ryan*, 419 F.Supp. 905 (E.D.Mo.1976). Rather, the prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights. *See generally Singleton v. Wulff*, 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (*Jus tertii* rule); *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

■ Appellant in this case was no longer imprisoned at the Tioga County jail at the time he brought his suit. He had been returned to the Dallas Penitentiary where he had been serving a term of imprisonment prior to his temporary transfer to the Tioga County jail. Moreover, he does not seek damages for deprivation of his rights while he was at the Tioga facility.

*Compare Culp v. Martin*, 471 F.2d 814 (5th Cir. 1973). Rather, he prays only for injunctive and declaratory relief to improve the conditions for those inmates still imprisoned at Tioga. While helping one's fellow citizen is an admirable goal, the Constitution limits federal court jurisdiction to review of "actual cases or controversies" in which the plaintiff has a "personal stake" in the litigation. U.S.Const. art. III, § 2; *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396–97, 100 S.Ct. 1202, 1208–09, 63 L.Ed.2d 479 (1980); *O'Shea v. Littleton*, 414 U.S. 488, 493–94, 94 S.Ct. 669, 674, 675, 38 L.Ed.2d 674 (1974). The case or controversy must be a continuing one and must be "live" at all stages of the proceedings. *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975); *Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147 (1973). Accordingly, the courts have held that a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge. *See Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976); *Culp*, 471 F.2d at 815.[13]

Nonetheless, we will not dismiss appellant's complaint at this stage for lack of standing. While, as it stands, appellant's complaint may fall short of showing an actual case or controversy, he may be able to present facts to the district court which demonstrate appellant's requisite "personal stake" in the suit. *Pro se* plaintiffs should be given an opportunity to amend their complaints unless it clearly appears that the deficiency cannot be overcome by amendment. *Gillespie v. Civiletti*, 629 F.2d 637,

---

behalf or on behalf of prisoners at Tioga County prison, the "fact or duration of (their) confinement." Rather, he challenges the condition of that confinement. Accordingly, his action is not subject to the exhaustion requirement. *See Wright v. Cuyler*, 624 F.2d 455, 457–59 (3d Cir. 1980).

**13.** *Accord, Holland v. Purdy*, 457 F.2d 802, 803 (5th Cir. 1972) (per curiam) (plaintiff's case considered to be "moot" because he was no longer subject to the complained of condition at the time he instituted his litigation); *Wilson v. Prasse*, 325 F.Supp. 9, 12 (W.D.Pa.1971) (plaintiff's request for injunctive relief dismissed as moot because he had been transfer-

red to another institution, case proceeded to trial on question of damages). *See also Wilson v. Prasse*, 404 F.2d 1380, 1382 n.3 (3d Cir. 1968).

While plaintiff's transfer from the prison moots his claim for injunctive and declaratory relief, *Inmates v. Owens*, 561 F.2d 560 (4th Cir. 1977), it would not moot a claim for damages. *See Jerry*, 632 F.2d at 255; *Wycoff v. Brewer*, 572 F.2d 1260, 1262 (8th Cir. 1978); *Franklin v. Fortner*, 541 F.2d 494, 496 (5th Cir. 1976); *Rhodes v. Bureau of Prisons*, 477 F.2d 347 (5th Cir. 1973); *United States ex rel Jones v. Rundle*, 453 F.2d 147, 150 (3d Cir. 1971).

640 (9th Cir. 1980).[14] On the record before us, we cannot say that appellant's efforts to amend his complaint would be futile. Therefore, we will reverse the lower court's judgment and remand with instructions that appellant be permitted to amend his complaint to attempt to allege a proper basis for standing.

We reverse and remand for proceedings in accordance with this judgment.

---

**14.** *See also Walker,* 599 F.2d at 576; *Rannels v. S.E. Nichols, Inc.,* 591 F.2d 242, 247 n.9 (3d Cir. 1979); *Watson v. Ault,* 525 F.2d 886 (5th Cir. 1976); Recommended Procedures for Handling Prisoner Civil Rights Cases in the Federal Courts 31–32 (1975).