Joseph Jude OLIVER

v.

Dick THORNBURGH, et al.

Civ. A. No. 81–2618.

United States District Court,
E.D. Pennsylvania.

June 12, 1984.

Joseph Jude Oliver, pro se.

David Donaldson, Deputy Atty. Gen., Com. of Pa., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Plaintiff, Joseph Jude Oliver, filed this action *pro se* while he was incarcerated at the State Correctional Institution at Graterford. In general terms, the complaint alleges that the prison conditions at Graterford during plaintiff's stay there were so deplorable as to amount to a violation of his constitutional rights. Previously, we granted summary judgment in favor of defendants Governor Dick Thornburgh and Secretary of Health Arnold H. Muller. We also dismissed plaintiff's § 1985 claim as to all other defendants. Now before the Court is the remaining defendants' motion for summary judgment. The remaining claim, which seeks injunctive relief as well as compensatory and punitive damages, alleges violations of plaintiff's First, Eighth and Fourteenth Amendment rights under the color of state law.

The conditions which plaintiff alleges violate his Eighth and Fourteenth Amendment rights can be placed in three general categories. First, plaintiff complains of unsanitary conditions, the primary cause of which is alleged to be the result of insect and rodent infestation. Next, plaintiff complains of severe prison overcrowding and the double bunking of a large number of his fellow inmates. Finally, he complains of inadequate heating in the winter and insufficient ventilation in the summer. With respect to the alleged First Amendment violation, plaintiff claims that use of the prison telephone facilities is so unsafe as to amount to a violation of his right to free speech.

The defendants attack both the validity of the claim and the type of relief sought. With respect to the latter, the defendants argue that the plaintiff's transfer to another prison facility renders moot his claims for injunctive relief. We agree.

█ On May 26, 1982, we denied plaintiff's motion for a temporary restraining order. The motion was filed after plaintiff's transfer from Graterford to another

prison facility. We held that plaintiff "lack[ed] standing to seek injunctive relief since he [was] no longer subject to the alleged conditions he [was] attempt[ing] to challenge". *Weaver v. Wilcox,* 650 F.2d 22, 27 (3d Cir.1981). The same reasoning is applicable to the instant motion. Absent a "reasonable expectation" or a "demonstrated probability" that plaintiff will again be at Graterford facing the same problems he allegedly faced at the time this complaint was filed, he does not have standing to assert a claim for injunctive relief. *Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982), quoting *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975). The mere possibility that he may some day return to Graterford is insufficient. *Id.*

■ Our focus, therefore, is necessarily upon the period during which plaintiff was incarcerated at Graterford and the injury, if any, he may have suffered while there. We find plaintiff's claim that his First Amendment rights were violated due to an alleged danger in using the prison telephones to be without merit. It is alleged that the telephones were moved from regular cell outlet areas to small waterpipe outlet areas. Based upon these facts plaintiff concludes that his First Amendment right to free speech was violated. Nowhere does he allege that he was denied access to or use of the telephones. In his affidavit in opposition to the motion for summary judgment, plaintiff merely states that he voluntarily chose not to use the telephone for approximately seven months because he believed such use would present a danger to him.[1] Viewing these allegations in a light most favorable to the plaintiff, we hold that they do not support the claimed First Amendment violation.

■ Moreover, we agree with the defendants' contention that the plaintiff lacks standing to raise the claim of double bunking. The complaint does not allege that the plaintiff personally was subjected to over-crowding conditions in the form of double bunking. Rather, it alleges that other inmates were made to suffer that inconvenience. "A federal court's jurisdiction can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action.'" *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975), quoting *Linda R.S. v. Richard D.,* 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973). Where, as here, the plaintiff cannot show "that he has sustained or is immediately in danger of sustaining a direct injury as a result of [the complained of] action", he lacks standing to challenge it. *Laird v. Tatum,* 408 U.S. 1, 13, 92 S.Ct. 2318, 2325, 33 L.Ed.2d 154 (1972), quoting *Ex parte Levitt,* 302 U.S. 633, 634, 58 S.Ct. 1, 82 L.Ed. 493 (1937). To the extent, however, that the plaintiff's claim of overcrowding alleges injury to him with respect to health and cleanliness conditions, he has standing to pursue it.

■ The defendants mount a twofold attack on plaintiff's claims of unsanitary conditions, insufficient heating, and inadequate ventilation. Initially, the defendants contend that the plaintiff's allegations lack the requisite specificity to meet minimum pleading requirements. In particular, the defendants aver that the plaintiff makes no causal connection between them and the conditions of which he complains. We cannot agree. Although the plaintiff has not alleged that the defendants actively infested Graterford prison with insects and rodents, he has alleged that they were aware of the terrible conditions and chose to ignore them. Allegations of tacit approval by prison authorities of conditions or conduct arguably violative of constitutional rights have been recognized as sufficient to establish a § 1983 claim. *Hampton v. Holmesburg Prison Officials,* 546 F.2d 1077 (3d Cir.1976); *Bracey v. Grenoble,* 494 F.2d 566 (3d Cir.1974); *Polsky v. Kelly,*

---

**1.** Plaintiff has not alleged any injury to himself or to fellow inmates while using the telephone which could have formed the basis for his belief that use of the facility posed a danger to the user.

Nos. 81–5301 and 82–5182 slip op. at 5–6 (E.D.Pa. May 15, 1984).

Alternatively, the defendants argue that the conditions described in the complaint do not rise to the level of a constitutional violation. Citing relevant case authority, the defendants point to the heavy burden placed by the courts upon prisoners challenging their conditions of confinement. They also note the deference the courts have shown state and local governments in the management of their own affairs.

 Prison conditions will not be deemed unconstitutional unless found to be cruel and unusual under contemporary standards. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society". *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). Moreover, in considering an Eighth Amendment challenge to conditions of confinement, a federal court is not free "to impose upon the correctional institution[ ] its own notions of enlightened policy". *Hassine v. Jeffes*, No. 84–0696 slip op. at 5 (E.D.Pa. May 15, 1984), quoting *Union County Jail Inmates v. DiBuono*, 713 F.2d 984, 1001 (3d Cir.1983).

Under the aforementioned standards, we have some doubts as to whether the plaintiff will be able to prove his case at trial. However, we are not now prepared to say that on the present record the defendants are entitled to judgment. For purposes of the instant motion, plaintiff is entitled to have the facts considered in a light most favorable to him. Moreover, where, as here, the defendants have not supported their motion with affidavits, deposition testimony, answers to interrogatories, admissions of record or other *evidence* tending to contradict plaintiff's allegations, we must assume the factual assertions included therein as true. The only affidavit of record is plaintiff's affidavit in support of his opposing memorandum. Hence, although the individual conditions of which plaintiff complains alone may not rise to the level of a constitutional violation, we cannot say, at this time and on this record, that the combined effect of the alleged conditions does not establish a constitutional violation as a matter of law. *Doe v. District of Columbia*, 701 F.2d 948, 950 (D.C.Cir.1983); *Gates v. Collier*, 501 F.2d 1291, 1309 (5th Cir.1974).

Lastly, the defendants' claim that the Eleventh Amendment bars this action is without merit. Plaintiff has sued the defendants in both their official and *individual* capacities. *Scheuer v. Rhodes*, 416 U.S. 232, 237–238, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974); *West v. Keve*, 571 F.2d 158, 163 (3d Cir.1978); *Lillard v. Delaware State Hospital*, 552 F.Supp. 711, 718 (D.Del.1982).