762 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jessie D. McDonald, Plaintiff-Appellant,
v.
Edward Isibor, Michael Samuchin, Frederick Humphries, Roy
Nicks, and Tennessee State University, Defendants-Appellees.
 No. 84-6011
 United States Court of Appeals, Sixth Circuit.
 3/6/85
 
 ORDER
 BEFORE: MERRITT and KENNEDY, Circuit Judges; and WEICK, Senior Circuit Judge.
 
 
 1
 The plaintiff appeals the order dismissing his pro se civil rights action. He now has four separate motions pending before this Court: (1) two motions (and a supplement) for a preliminary injunction pending his appeal; (2) a motion to amend (by adding a reference to 28 U.S.C. Sec. 1343) an amended complaint submitted to the district court after the present appeal was filed; and (3) a motion to add an additional party as a named plaintiff. These motions were referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 The plaintiff is a senior engineering student at Tennessee State University (TSU). He filed his action as a 'Petition for a Writ of Injunction' wherein he made numerous charges of ethical and professional improprieties on the part of TSU administrators and aculty members named as defendants. For relief, he sought injunctions terminating the named defendants' employment at TSU and prohibiting the dismissal of other faculty members without due process of law. The district court granted the plaintiff pauper status, but sua sponte dismissed the action because the plaintiff did not allege any personal injury attributable to the defendants' alleged acts. This appeal followed.
 
 
 3
 A civil rights litigant must assert a deprivation of his own constitutional rights in order to bring an action; he cannot vica iously assert the rights of others. Weaver v. Wilcox, 650 F.2d 22, 27 (3rd Cir. 1981). The plaintiff's 'complaint' not having set forth any personal injury on the part of the plaintiff, it gave the district court no jurisdiction in this action. The district court did not err in dismissing the action sua sponte. See Malone v. Colyer, 710 F.2d 258, 261 (6th Cir. 1983); Stewart v. Love, 696 F.2d 43 (6th Cir. 1982).
 
 
 4
 We are mindful of the amended complaint submitted to the district court subsequent to the present appeal. Although the plaintiff cited therein certain acts by one defendant (Isibor) toward the plaintiff, the complaint still fails to state a cause of action under the Civil Rights Act. In order to state a cause thereunder, a litigant must assert the deprivation of a constitutionally protected liberty or property interest. Bird v. Summit County, Ohio, 730 F.2d 442 (6th Cir. 1984); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 739 (6th Cir.), cert. denied, 449 U.S. 996 (1980). No such interests are identified in the amended complaint nor are any discernible.
 
 
 5
 It is ORDERED that the plaintiff's pending motions be and they hereby are denied.
 
 
 6
 Upon examination of the record and the plaintiff's appellate brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure. This panel finding the appeal without merit,
 
 
 7
 It is further ORDERED that the district court's order of August 23, 1984 dismissing the plaintiff's action be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.