983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard C. ENGLER, Plaintiff-Appellant,
v.
SAN FRANCISCO COUNTY JAIL, et al., Defendants-Appellees.
 No. 91-16466.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 31, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard C. Engler (Engler), a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against the "Bryant Street" and "San Bruno" locations of the San Francisco County Jail and various officials of those jails. The district court dismissed Engler's claims for deliberate indifference to his safety, medical, and psychiatric needs on the basis that, since Engler sought only injunctive relief, his claims were rendered moot by his subsequent transfer to San Quentin prison. (C.R. 25)
 
 I. Mootness
 
 3
 Federal courts lack jurisdiction to decide moot cases, and thus we apply a de novo standard for reviewing a district court's decision on mootness. Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986). In general, a case becomes moot when "the issues are no longer live or the parties lack a legally cognizable interest in the outcome." Id. There is one exception, however: "review [can] be had where there [is] injury that [is] 'capable of repetition, yet evading review'." Id. at 1339 (quoting Southern Pac. Terminal Co. v. Interstate Commerce Comm'n, 219 U.S. 498, 515 (1911)).
 
 
 4
 In order to establish that an injury is capable of repetition, a plaintiff must make a " 'reasonable showing' of a 'sufficient likelihood' " that the injury will recur. Id. at 1340 (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 108 (1983)). "The 'mere physical or theoretical possibility' of a challenged action again affecting a plaintiff is not sufficient." Id. (quoting Murphy v. Hunt, 455 U.S. 478, 482 (1982)). The plaintiff bears the burden of meeting this standard. Id. at 1342.
 
 
 5
 Engler does not allege the possibility of being transferred back to either the San Bruno or Bryant Street locations of the San Francisco County Jail. The record reflects that jail officials are aware of Engler's difficulty in getting along with fellow inmates at those locations. (See C.R. 8, San Francisco city attorney report on investigation by San Francisco Sheriff's Department regarding steps taken to protect Engler from attacks by other inmates) Since a prisoner's claim for injunctive relief is rendered moot by that prisoner's transfer to another facility, see, e.g., Weaver v. Wilcox, 650 F.2d 22, 27 (3rd Cir.1981), the district court did not err in dismissing Engler's claims for injunctive relief.
 
 II. Damages
 
 6
 Engler argues he informed the district court that he sought "$100,000.00 or maybe settle for $50,000.00 & Attorney Fee's (sic) & Court Cost's (sic)" and, therefore, the district court erred in dismissing his claims as moot. (Appellant's Br. at 2) In pro se civil rights cases, the district court has an obligation to construe the pleadings liberally and to afford the plaintiff any benefit of the doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). When a plaintiff brings a civil rights action pro se, the district court should provide notice of any deficiencies in the complaint and allow the plaintiff an opportunity to amend before dismissing the complaint. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987).
 
 
 7
 Engler did not seek damages in either his original or amended complaints. Rather, five days prior to the filing of the district court's order dismissing his claims as moot, and almost one year after the filing of his original complaint, Engler filed a letter with the district court which stated: "I Do--Not Know If I'm Sapose (sic) to ask for a spific (sic) amount of Money for Damages Done? Or if the Judge Does--It In Court?" (C.R. 26) Two days after the filing of the district court's dismissal order, Engler filed a second letter with the district court seeking reconsideration of its decision to dismiss his claims. In that letter, Engler stated for the first time that he sought "$100,000.00 & maybe get talked down to $50,000.00." (C.R. 28 at 1 and 2) However, almost one year prior to the filing of Engler's second letter, the district court specifically granted Engler permission to file "an amended complaint seeking damages." (C.R. 2 at 4) On two other occasions during the ensuing year, the district court noted that Engler sought only injunctive relief for his claims. Since the district court notified Engler of the deficiency in his complaint--e.g., the failure to allege damages--and allowed him an opportunity to amend his complaint to cure that deficiency--which Engler failed to do--the district court did not err in dismissing Engler's claims.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit rule 36-3