52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Rebecca MERCER, also known as Rebecca Mercer Hensley,
Plaintiff-Appellant,
v.
FAYETTE CIRCUIT COURT, Defendant-Appellee.
 No. 94-6644.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1995.
 
 1
 Before: BOGGS, SILER and GIBSON,* Circuit Judges.
 
 ORDER
 
 2
 Rebecca Mercer, proceeding pro se, appeals a district court judgment dismissing her lawsuit brought pursuant to 42 U.S.C. Sec. 1983 and 18 U.S.C. Sec. 1962, et seq., the Racketeer Influenced and Corrupt Organizations Act (RICO). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking injunctive relief, Mercer sued the Fayette (Kentucky) Circuit Court alleging that the defendant violated her due process rights. Mercer alleged that Mary Cooper Hensley (apparently now married to Mercer's ex-husband), the Deputy Clerk of the Court's Criminal Division, had unspecified knowledge of matters involving Mercer's criminal prosecution. Mercer also alleged that Cooper Hensley had ex parte communications with Judges James Keller and Mary Noble who allegedly endorsed the neglect and abuse of Mercer's minor children. As relief, Mercer seeks the investigation and removal of Cooper Hensley from office, the appointment of an individual to protect the rights of children whose mothers are incarcerated, and the prosecution of all parties involved in these matters.
 
 
 4
 A magistrate judge recommended dismissing the case pursuant to 28 U.S.C. Sec. 1915(d). Upon de novo review in light of Mercer's objections, the district court adopted the recommendation of the magistrate judge and dismissed the case.
 
 
 5
 On appeal, Mercer continues to argue the merits of her case. Mercer raises numerous claims in her brief which were not raised in the district court. The court will not consider Mercer's new arguments raised on appeal because she did not properly present these claims to the district court for its review, and no exceptional circumstances exist that would warrant the court's consideration of these new claims. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Mercer's lawsuit pursuant to Sec. 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint may be dismissed as frivolous under Sec. 1915(d) only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 7
 The facts set forth in Mercer's complaint do not state a valid RICO claim against the defendant. See Palmer v. Nationwide Mut. Ins. Co., 945 F.2d 1371, 1374-75 (6th Cir.1991). Mercer also does not have standing to sue on behalf of other children whose mothers are incarcerated. See Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir.1981).
 
 
 8
 To the extent that Mercer requests the court to prosecute all parties involved in this matter, authority to initiate a criminal complaint rests exclusively with state and federal prosecutors. Sahagian v. Dickey, 646 F.Supp. 1502, 1506 (W.D.Wis.1986).
 
 
 9
 To the extent that the district court construed Mercer's complaint as seeking habeas corpus relief based on her request to be released from prison, see, e.g., Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), Mercer has not demonstrated that she has exhausted her available state court remedies. See Rose v. Lundy, 455 U.S. 509, 518-20 (1982).
 
 
 10
 With regard to Mercer's request to have Cooper Hensley dismissed from her position as Fayette County Circuit Court Deputy Clerk of the Criminal Division, the district court properly declined to exercise its jurisdiction to grant Mercer's request for relief. See, e.g., Younger v. Harris, 401 U.S. 37, 44-45 (1971); see also Mann v. Conlin, 22 F.3d 100, 105-06 (6th Cir.1994).
 
 
 11
 Lastly, a court possesses inherent authority to sanction a party who has acted in bad faith, vexatiously, wantonly or for oppressive reasons. Chambers v. NASCO, Inc., 111 S.Ct. 2123, 2133-34 (1991). Mercer filed a total of nine lawsuits in the district court, all of which were dismissed as frivolous. She has filed an appeal of all of those cases in this court. Should Mercer continue to file frivolous appeals in the future, the court may impose sanctions against her.
 
 
 12
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation