82 F.3d 417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darryl CORN, Plaintiff-Appellant,
v.
Emmitt L. SPARKMAN, Defendant-Appellee.
 No. 95-5494.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 1
 Before: MILBURN and BOGGS, Circuit Judges, and BORMAN, District Judge.*
 
 ORDER
 
 2
 Darryl Corn, a pro se Kentucky prisoner, moves for counsel on appeal from a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 At the time this civil rights action was filed, Corn was an inmate at the Northpoint Training Center (Northpoint). He alleges that prison officials at Northpoint are violating prisoners' due process rights by utilizing "information reports" to initially report inmate misconduct instead of initially reporting alleged inmate misconduct on the Corrections Cabinet supplied Disciplinary Report in the space provided thereon for the Reporting Officer's report. Corn asserted that when the "information reports" are retyped onto the official Disciplinary Report forms, they are being altered to state the facts in a manner that is consistent with the definition of a disciplinary infraction. Corn sought damages and injunctive relief in the form of having unspecified disciplinary actions based upon information reports dismissed and having the use of information reports discontinued.
 
 
 4
 The matter was referred to a magistrate judge who issued a report recommending that the complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). Despite Corn's objections, the district court adopted the report and recommendation as the opinion of the court. This timely appeal followed.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion when it dismissed Corn's complaint as frivolous. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992); Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990).
 
 
 6
 Corn's complaint lacks an arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States, and 2) the deprivation was caused by a person while acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Ellison v. Garbarino, 48 F.3d 192, 194 (6th Cir.1995).
 
 
 7
 Corn's claim does not allege any personal injury. Rather, the claim alleges due process violations of all Northpoint prisoners. A prisoner cannot bring claims on behalf of other prisoners. See Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir.1981). A prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights. Id. Therefore, Corn lacks standing to bring the claim alleging due process violations of other prisoners.
 
 
 8
 Accordingly, the motion for counsel is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation