# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2021

Lyle W. Cayce
Clerk

No. 20-20549
Summary Calendar

TROY DANIEL THOELE,

*Plaintiff—Appellant*,

*versus*

BILLY LEWIS, *Senior Warden*, *Huntsville Unit*; JAMES JONES, *Former Senior Warden*, *Huntsville Unit*; DARRON LANE, *Major*, *Huntsville Unit*; MICHAEL PROCTOR, *Captain*, *Huntsville Unit*; JASON LIGHTSEY, *Captain*, *Huntsville Unit*; SCOTT BAILEY, *Corrections Officer*, *Huntsville Unit*; ALETICIA GLASGOW, *Corrections Officer*, *Huntsville Unit*; CANDACE PACE, *Counsel Substitute*, *Huntsville Unit*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-4018

No. 20-20549

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Troy Daniel Thoele, Texas prisoner # 1784662, has applied for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of his civil rights complaint as frivolous and for failure to state a claim upon which relief may be granted. By moving for leave to proceed IFP, Thoele is challenging the district court's determination that his appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). A motion for leave to proceed IFP on appeal "must be directed solely to the trial court's reasons for the certification decision." *Id.* Our inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). If we uphold the district court's certification that the appeal is not taken in good faith, Thoele must pay the appellate filing fee or the appeal will be dismissed for want of prosecution. *Baugh*, 117 F.3d at 202. However, we may dismiss the appeal as frivolous when it is apparent that an appeal would be meritless. 5th Cir. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

The district court must dismiss a prisoner-filed IFP civil rights action that is frivolous or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(a)–(b)(1); 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

In his complaint, Thoele sought declaratory and injunctive relief only. The district court determined that Thoele's transfer from the Huntsville Unit to the Boyd Unit of the Texas Department of Criminal Justice (TDCJ) rendered his claims for declaratory and injunctive relief moot. *See Herman v.*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

*Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).  The court determined in the alternative that Thoele's constitutional claims were frivolous or failed to state a claim upon which relief may be granted.  Finally, the district court denied Thoele's motion to add the TDCJ, Bryan Collier, and Deborah Cockrell as additional defendants.

Thoele does not dispute that his claims for declaratory and injunctive relief against the original defendants are moot.  Instead, Thoele challenges the district court's sua sponte dismissal of his complaint under the screening provisions of § 1915 and § 1915A.  He complains that the defendants were never served; that he did not have an opportunity to conduct discovery; and that he was not given an opportunity to amend his complaint to assert damage claims against the eight original defendants and the TDCJ, Collier, and Cockrell.  Thoele contends that he has been exposed to excessive heat; that defendants have been deliberately indifferent to his related medical condition; that his right to due process was violated during a prison disciplinary proceeding; that he was denied effective assistance of counsel substitute; that defendants retaliated against him for using the grievance process and because of his litigiousness; that his right to equal protection was violated during the disciplinary proceeding; and that defendants failed to protect him from violent offenders with whom he was housed.

We have examined Thoele's constitutional claims and conclude that providing Thoele with an opportunity to recast them as claims for damages would be futile.  *See Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021); *Rhodes v. Bureau of Prisons*, 477 F.2d 347, 348 (5th Cir. 1973).  The claims against the TDCJ, Collier, and Cockrell have not been briefed and, therefore, are forfeited.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

No. 20-20549

Thoele has failed to show that he has a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

Under § 1915(g), a prisoner may not bring a civil action or appeal IFP if he has, on three or more occasions, while incarcerated or detained, brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim. The district court's dismissal of the instant complaint as frivolous and for failure to state a claim upon which relief may be granted counts as a strike under § 1915(g), and our dismissal of this appeal as frivolous also counts as a strike. *See Coleman v. Tollefson*, 575 U.S. 532, 537-38 (2015). Thoele has a third strike in *Thoele v. Abbott*, No. A-15-CA-997-SS, 2015 WL 8516676 (W.D. Tex. Dec. 11, 2015) (unpublished) (dismissing complaint as frivolous because it asserted claims that were time barred); *see also Gonzalez v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998).

Thoele now has at least three strikes under § 1915(g) and is therefore BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).