**John C. FULFORD, Plaintiff-Appellant,**

v.

**S. Lamont SMITH, Warden, Georgia State Prison, Defendant-Appellee.**

No. 28348.

United States Court of Appeals, Fifth Circuit.

Oct. 30, 1970.

**1226**

John C. Fulford pro se.

Reuben A. Garland, Edward T. M. Garland, Atlanta, Ga., for plaintiff-appellant.

Arthur K. Bolton, Atty. Gen. of Ga., Harold N. Hill, Jr. Executive Asst. Atty. Gen., Mathew Robins, Marion O. Gordon, Asst. Attys. Gen., Atlanta, Ga., for defendant-appellee.

Before SIMPSON, MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

The sole issue in this appeal is whether the district court was in error in denying the state prisoner appellant's request for habeas relief summarily without affording the appellant a hearing on his allegations. We affirm.

The petitioner-appellant alleged in his petition to the district court that the State of Georgia had suppressed and concealed evidence favorable to the petitioner, and that only recently the petitioner discovered this evidence which appellant contends will prove his innocence. The petition, a pro se product, was inarticulately drawn, and the district judge apparently misinterpreted the petition as a motion for new trial based on alleged newly-discovered evidence. He ruled that this matter had previously been disposed of adversely to the petitioner in a state court motion for new trial, and further noted that newly-discovered evidence is not a ground for habeas corpus relief in the federal courts.

Since we read the petition to allege state action to deprive the defendant of his right to a fair trial, of course the district judge erred in dismissing the petition on the grounds stated. This conclusion does not require reversal since we find sufficient other grounds upon which to affirm.

The petitioner, a frequent correspondent with the courts, has had two previous opportunities to air the matter here raised. In July of 1966 the appellant filed a petition in the federal district court in which he alleged, inter alia, that "all evidence favorable to Petitioner was suppressed". A full evidentiary hearing was held on the matters raised in that petition, but Fulford failed to produce any evidence relating to this matter at the hearing.

In August of 1968 the petitioner filed a motion in the state courts alleging

that the grand and petit juries which indicted and tried him were drawn from segregated lists. A hearing was held in September of 1968, and the petitioner was specifically asked by the court if he had any further grounds upon which to attack his conviction. Fulford answered in the negative.

In August of 1968 appellant also filed a petition in the federal district court again alleging suppression of evidence. The district judge denied relief in December of 1968, stating that the petitioner had bypassed the opportunity to present the matter at the state court hearing.

The affidavits attached to the present petition are dated June 9, 1968 and June 15, 1968, indicating that the petitioner was in possession of this information at the time of the 1968 court hearings. Also, the affidavits do not, as Fulford maintains, contain statements that he is innocent. They simply state that at this time the affiants cannot swear that Fulford was the perpetrator of the crime for which he was convicted. Neither do the affidavits contain any reference to any claimed suppression of evidence by the state. Plainly, nothing contained in the affidavits entitled the petitioner to federal habeas corpus relief.

 The advancing of grounds for habeas relief in a one-at-a-time fashion, when the evidence is available which would allow all grounds to be heard and disposed of in one proceeding, is an intolerable abuse of the Great Writ. Wong Doo v. United States, 265 U.S. 239, 241, 44 S.Ct. 524, 68 L.Ed. 999 (1924). Cf. Juelich v. United States, 5 Cir. 1968, 403 F.2d 523. That reason alone would be sufficient to sustain the action of the district court. Alternatively, however, in light of the content of the affidavits discussed *supra*, the petition is nothing more than a bare statement by the petitioner that he is innocent. Fulford has thus failed to make any allegations or suggest the existence

of any evidence which would require the district court to conduct a hearing. Dismissal without a hearing was appropriate in these circumstances.

Subsequent to oral argument and prior to our determination here counsel advised us that the appellant has completed his sentence and been released from custody. With respect to claimed unlawful detention this appeal is moot because of the release, but we have determined the case on the merits because of the potential adverse effects which may accrue to the appellant from the conviction. Carafas v. LaValle, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

Affirmed.