Enrique B. ANDRADE, Petitioner-
Appellant,

v.

W.' B. (Bill) HAUCK, Sheriff, Respondent-
Appellee.

No. 71–2002

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1971.

Enrique B. Andrade, pro se.

Crawford C. Martin, Atty. Gen., Austin, Tex., Ted Butler, Crim. Dist. Atty., Lucien B. Campbell, Asst. Crim. Dist. Atty., San Antonio, Tex., for respondent-appellee.

Before John R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Because it appears that this prisoner may have been deprived of his commissary privileges by his jailers in retaliation for writing to a United States judge, we reverse and remand for a hearing on the merits of his § 1983 complaint.

Enrique Andrade is an inmate of the Bexar County Jail, San Antonio, Texas. In his complaint he states that he has been deprived of access to the jail's commissary. He alleges that Sheriff Hauck deprived him of commissary privileges by way of retribution for writing to a judge of the United States District Court to complain about the way in which the commissary was being operated. The district court denied relief without a hearing, holding that no violation of any constitutional right was alleged. We disagree.

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of
New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

■■ To reach this result, we simply hold that every prisoner has a constitutional right of access to the courts to present any complaints he might have concerning his confinement. He cannot be disciplined in any manner for making a reasonable attempt to exercise that right. Access to the courts is a fundamental precept of our system of government. No citizen, regardless of his transgressions, is ever to be legally consigned to the total and unreviewed power of any single branch of government. To make the system work, to maintain the proper checks and the proper balance, no person subject to the power of government can be denied communication with or access to each of the three spheres of governmental authority. This principle serves the highest interest of government, as much as it serves the needs of the individual.

■ Andrade's complaint alleges facts which, if proven, might show that defendant deprived him of use of the commissary because he had corresponded with a United States District Judge. Access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed. Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); Wainwright v. Coonts, 409 F.2d 1337 (5th Cir. 1969). Although these cases dealt with the writ of habeas corpus, which has historical and constitutional foundations of its own, rather than actions brought under 42 U.S.C. § 1983 for redress of constitutional wrongs not traditionally reached by the writ, other circuits have held that there is no sound reason for "putting the constitutional rights protected by the writ on a higher plane than those cognizable under Section 1983, particularly since there are instances where the same right might be asserted under either form of relief." Nolan v. Scafati, 430 F.2d 548, 551 (1st Cir. 1970); Sostre v. McGinnis, 442 F.2d 178 (2nd Cir. 1971) (en banc). In any event, the due process clause of the Fourteenth Amendment protects the right of prisoners to seek access to the courts for consideration of claims concerning the conditions of their incarceration. Gittlemacker v. Prasse, 428 F.2d 1 (3rd Cir. 1970); DeWitt v. Pail, 366 F.2d 682 (9th Cir. 1966). This brings Andrade's complaint well within the ambit of § 1983 for such relief as may be appropriate.

By this decision, we do not intend to approve or disapprove the claim about which the appellant initially sought contact with the court. The merits of the complaint contained in his letter to the District Judge, which involved the treatment accorded him in prison, are beyond the scope of our consideration here. The result of our decision is merely that the court with which he sought contact, and not his jailer, will determine the merits of his claim.

The judgment of the district court is vacated and the cause is remanded for further proceedings not inconsistent with this opinion.

Vacated and remanded.