**Robert GRENE, Petitioner-Appellant,**

v.

**S. J. BRITTON, Acting Warden, Respondent-Appellee.**

**No. 71-2834**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1972.

Robert Grene, pro se.

Charles A. Pannell, Jr., Atlanta, Ga., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

■ Robert Grene, a federal prisoner, appeals the district court's summary denial of his petition, styled a request for habeas corpus and injunctive relief. Because Grene's pleadings have sufficiently alleged facts which, if proven, would entitle him to relief, we remand the case to the district court for further proceedings.

In his petition Grene contended that the officials at the United States Penitentiary at Atlanta, Georgia, where he is confined, have denied him free access to the courts, by imposing punishment upon him for sending out court material through an unusual but necessary channel. According to the pleadings, Grene's

---

* ■ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

brief for his appeal in this Court, No. 71–1501, was due on May 31, 1971, but the Prisoners' Mail Box [1] was in an "overstuffed condition" from May 26, 1971, until at least June 1, 1971. Consequently, Grene was forced to give his brief to a non-salaried employee of the institution, an assistant rabbi, for mailing on June 1, 1971. In his "petition" below, Grene contended that because the prison had failed to publish any notice proscribing such action and because he was not aware that it was impermissible, the prison's subsequent abrogation of certain of his privileges constituted a violation of his right of free access to the courts.[2]

The district court held that it lacked jurisdiction to grant relief, on grounds that Grene's complaint involved only matters of prison discipline and administration, with which a court will not interfere absent a showing of an abuse of discretion on the part of prison officials. But the district court failed to recognize the scrutiny we have required for prison regulations impinging upon a prisoner's right to communicate with the courts and with elected officials. As we recently held in Andrade v. Hauck, 5 Cir. 1971, 1071 F.2d 452. ". . . every prisoner has a constitutional right of access to the court to present any complaints he might have concerning his confinement. He cannot be disciplined in any manner for making a reasonable attempt to exercise that right."

Grene alleged that he was punished for what he contends is "a reasonable attempt" to exercise his right to petition a court. If Grene had not been notified in any way of the prison's prohibition against sending legal material out of the prison in the manner in which he did, or if the prison did not provide any other effective avenue of access to the courts, at the time of Grene's mailing, as Grene alleged, then Grene would be entitled to the relief he seeks. Neither we nor the district court are clairvoyant enough to resolve these factual questions in the absence of evidence.

We therefore, vacate the order appealed from, and remand the cause for further proceedings consistent with this opinion.[3]

Vacated and remanded.

---

1. A mail box by which prisoners may send legal matter directly to courts, without the usual censorship procedure.

2. In his petition filed below, the appellant also contended that he had been denied his right to employ counsel for a hearing before the Good Time Forfeiture Board, and that he was deprived of counsel at his criminal trial. These allegations have been abandoned on this appeal.

3. Upon remand, the district court should first determine whether the appellant has exhausted all of his administrative remedies prior to any decision on the merits of his complaint.

