Robert Johnson WARREN, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Correction, State of Florida, Respondent-Appellee.

No. 71-3450

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 8, 1972.

Robert Johnson Warren, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Andrew I. Friedrich, West Palm Beach, Fla., for respondent-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of habeas corpus relief to Robert Johnson Warren, a prisoner of the State of Florida. We vacate the order appealed and remand the case for further proceedings.

■ The district court denied Warren's petition without an evidentiary hearing and without requiring a response, on grounds that he had filed two previous habeas corpus petitions there. The court below held that the appellant would not be permitted to present his habeas contentions in a one-at-a-time fashion, citing this court's opinion in Fulford v. Smith, 432 F.2d 1225 (5th Cir., 1970). The case *sub judice* is distinguishable from *Fulford* in a number of details.

We think we cannot make an adjudication without a joinder of issues and a hearing. The case is accordingly vacated and remanded.

Vacated and remanded.

THORNBERRY, Circuit Judge (specially concurring):

I concur upon my understanding that the majority remands only because the district court refused to consider the merits of appellant's petition for the wrong reasons. Upon remand, appellant should be allowed to amend his petition to more fully allege the facts on which he relies, if such facts exist; and the district court should determine the issues of exhaustion of state remedies and intentional bypass before determining whether to proceed to the merits.

---

* ■ Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.