Peter SIMMONS, Jr., Petitioner-Appellant,

v.

Louis L. WAINWRIGHT, Director, Division of Corrections, Respondent-Appellee.

No. 72–1533

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 3, 1972.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York

et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Peter Simmons, Jr., pro se.

Robert L. Shevin, Atty. Gen., Richard W. Prospect, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Simmons has appealed the district court's dismissal of his Civil Rights complaint filed pursuant to 42 U.S.C. § 1983, et seq. We vacate the judgment below and remand for further proceedings.

The appellant is a prisoner of the State of Florida, presently incarcerated at Raiford, Florida. However, he seeks damages arising out of his detention in punitive segregation while an inmate of the Apalachee Correctional Institution at Chattahoochee, Florida.

In his petition filed below, he initially alleges that he was placed in segregation for "kiting out" letters to his attorney and the then Governor of Florida, Claude Kirk, after a prison official refused permission for him to mail them out. These letters purportedly complained of the living conditions at the Apalachee Correctional Institution where he was then confined. The appellant contends that sending the letters out through unauthorized channels was not improper in this case since the refusal by the official to mail the correspondence was unreasonable, and thus amounted to a denial of his right to petition courts and elected officials for redress.

The appellant secondly contends that he was placed in punitive segregation without due process because he was not given advance notice of his hearing on the matter, nor a copy of the charges against him. He further argues that he was denied counsel for the hearing and did not receive the written decision of the hearing official, nor the reasons therefor.

Simmons' final contention involves the living conditions to which he was subjected while in punitive segregation. He states:

"[He] was 'sentenced' to punitive segregation for indefinite period of time until [he] decided to talk and [he] did not talk, and stayed in punitive segregation 75½ days. His bed was a slab of cement '6-feet long', '4-feet wide', '4-inches thick', he had no light day or night. He was given a shower and a shaven once a week. He was on a 'restricted diet' for 75½ days. [He]

was suffering from 'high blood' and 'headaches' and [his] hand broke out in 'water bumps' for which he was given some kind of pills to clear up said bumps."

He concludes that these conditions constituted cruel and unusual punishment, and further, that keeping him in punitive segregation for over 15 days amounted to punishment proscribed by the Eighth Amendment.

After an unsworn response was filed, the district court dismissed the action finding the only complaint raised therein was that the appellant had been denied the right to write his attorney and the governor. Without stating reasons therefor, the court concluded that he "was not denied access to his attorney but rather was punished for his clandestine methodology and punitive segregation followed," and on the basis of Granville v. Hunt, 5th Cir. 1969, 411 F.2d 9, federal intervention was not warranted.

We believe the judgment below is due to be vacated and the cause remanded for further proceedings. First, the district court failed to enter any findings of fact or conclusions of law relative to the appellant's contention that he is due compensatory damages for the conditions to which he was subjected in punitive segregation, if they in fact existed.[1] See Sostre v. McGinnis, 2nd Cir. 1971, 442 F.2d 178, 204–205, cert. denied 1972, 404 U.S. 1049, 92 S.Ct. 719, 30 L. Ed.2d 740.

Secondly, the court failed to enter findings or conclusions in connection with the appellant's argument that he is due damages for being wrongfully placed in segregation because the manner in which he was so placed did not meet the standards of due process; or whether such standards apply to these prison procedures. We have never held, and do not now intimate, that due process standards of notice and hearing are applicable to prison discipline procedures, and if so to what extent. However, without indicating any views held by us, since the claim was urged below we deem it appropriate for the trial court to consider it and enter findings and conclusions thereon.

In this regard, the court also failed to find whether the appellant was in fact refused permission to send letters to his attorney and an elected official concerning the prison conditions.

In Andrade v. Hauck, 5th Cir. 1971, 452 F.2d 1071, this Court held that ". . . every prisoner has a constitutional right of access to the court to present any complaints he might have concerning his confinement. He cannot be disciplined in any manner for making a reasonable attempt to exercise that right." If the prison official refused him the right to complain to his attorney and an elected official of the conditions of his confinement, it may be that "kiting out" the letters was a reasonable attempt to exercise his constitutional rights; however, the district court must make the initial determination of this issue. See Grene v. Britton, 5th Cir. 1972, 455 F.2d 473.

Because of the district court's failure to enter findings and conclusions with respect to all of the appellant's claims under 42 U.S.C. § 1983, we are compelled to vacate the judgment below, and remand the cause.

Vacated and remanded.

---

I. Since this Civil Rights complaint seeks money damages, rather than injunctive relief, the action is not rendered moot by the appellant's transfer from Apalachee Correctional Institution to Raiford. United States ex rel. Jones v. Rundle, 3rd Cir. 1971, 453 F.2d 147.