Harold Raymond HOOKS, Petitioner-Appellant,

v.

Herbert C. KELLEY, Warden, Avon Park Correctional Institute, Respondent-Appellee.

No. 72–1308

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 7, 1972.

Harold Raymond Hooks, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., P. A. Pacyna, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

The district court dismissed the complaint of Harold Raymond Hooks, a Florida state prisoner, seeking relief under the Civil Rights Act, 42 U.S.C. § 1983. We vacate and remand.

In his complaint Hooks alleged that he was transferred without cause from minimum security status at the Avon Park unit of the Florida Division of Corrections to medium security status at the Bartow Road Camp unit. He alleged that the transfer resulted in the loss of privileges including eligibility for rehabilitation and availability of law books; that the regression in his security status seriously impaired his chances for parole; and that the transfer denied him, an asthmatic, the 24 hour medical care available at Avon Park, because Bartow Road Camp is visited by a doctor only once a week. Hooks also alleged that no charges or accusations of misconduct were made against him, and that he was not given an opportunity to defend himself. Finally, he alleged that he was transferred because of his persistent use of the courts to attack his convictions and prison conditions. In his complaint Hooks prayed for an order directing the state to return him to minimum security

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New

York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

status and to refrain from future arbitrary transfers, and for money damages. The district court denied relief without ordering a response on grounds that Hooks' claims of inadequate medical treatment and facilities, and other claims relating to prison administration and internal operations were not of constitutional proportions.

 Upon a review of Hooks' complaint, we are not in disagreement with the specific findings of the district court As a general rule this court has not interfered with the internal management of prisons [1] or with the classifications of prisoners.[2] A notable exception to that rule, however, has been prison regulations or actions which impinge upon a prisoner's right to communicate with the courts. The district court apparently overlooked Hooks' very serious allegation that he was transferred because of his persistent use of the courts to attack his convictions and to protest prison conditions. Both the Supreme Court [3] and this court [4] have been particularly zealous in safeguarding the right of prisoners to communicate with the courts.

In Andrade v. Hauck [5] this court held that the district court erred in refusing to consider a prisoner's complaint alleging that he was deprived of commissary privileges as punishment for corresponding with the courts. In his opinion Judge Roney stated:

. . . we simply hold that every prisoner has a constitutional right of access to the courts to present any complaints he might have concerning his confinement. He cannot be disci-

plined in any manner for making a reasonable attempt to exercise that right.[6]

In the present case Hooks has alleged a retribution more serious than the denial of commissary privileges. The judgment of the district court must be vacated and the cause remanded for an evidentiary hearing to determine the truthfulness of the allegations of the complaint.

Vacated and remanded. .

1. O'Brien v. Blackwell, 421 F.2d 844 (5th Cir. 1970); Diehl v. Wainwright, 419 F.2d 1309 (5th Cir. 1970).

2. Young v. Wainwright, 449 F.2d 338 (5th Cir. 1971); Krist v. Smith, 439 F.2d 146 (5th Cir. 1971).

3. Younger v. Gilmore, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971), aff'g, Gilmore v. Lynch, D.C., 319 F.Supp. 105 (1970); Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969).

4. Campbell v. Beto, 460 F.2d 765 (5th Cir. 1972); Grene v. Britton, 455 F.2d 473 (5th Cir. 1972); Andrade v. Hauck, 452 F.2d 1071 (5th Cir. 1971).

5. 452 F.2d 1071 (5th Cir. 1971).

6. Id. at 1072.