Clarence SIMPSON, Jr., #006232, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent-Appellee.

No. 73–2555

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 27, 1973.

---

* Rule 18, 5 Cir.; See Isbell Enterr Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Before BELL, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Citing Fulford v. Smith, 432 F.2d 1225 (C.A.5, 1970), the District Court denied appellant's petition for writ of habeas corpus from a state conviction on the ground that he was abusing the Great Writ by advancing in a series of petitions grounds previously presented or grounds that were available to him in his prior petitions. With deference to a District Court faced with a barrage of 15 to 20 claims and weary of appellant's writ history (three previous federal habeas petitions, two prior appearances in this court,[1] and a series of state court proceedings) we must conclude that we cannot affirm a plenary dismissal under *Fulford.* The "abuse of the Writ" doctrine is of rare and extraordinary application. It is possible that upon more specific consideration *Fulford* may be appropriately applied to many of the claims now made. But, on what little is before us—and it is very little—it appears likely that two claims now made and now alleged to have been exhausted in state courts were held in Simpson's last preceding petition to have been not then exhausted. *Fulford* could not apply to bar a return to the federal court by one who has been remitted to the state courts to exhaust and reappears alleging that he has done just that. These two issues are alleged exclusion of Negroes from grand and petit juries and alleged excuse of jurors who did not believe in capital punishment. Denial of relief based on the latter issue can be affirmed, however, because Simpson did not receive the death penalty. See Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). Additionally, there is an allegation which, so far as we can determine, was not presented in previous federal habeas petitions and if so would hardly be within *Fulford,* that being the claim

Clarence Simpson, Jr., pro se.

Barry Scott Richard, J. Robert Olian, Asst. Attys. Gen., Miami, Fla., Robert L. Shevin, Atty. Gen. of Fla., Tallahassee, Fla., for respondent-appellee.

1. See Simpson v. Wainwrigth, 439 F.2d 948 (CA5), cert. denied, 402 U.S. 1011, 91 S.Ct. 2199, 29 L.Ed.2d 434 (1971), directing an out-of-time appeal, and Simpson v. Wainwright, 468 F.2d 951 (CA5, 1972), affirming under Local Rule 21 a denial of the petition.

of petitioner that he has been denied parole because of the various attacks he has made on his conviction. We have held that a prisoner may not be penalized for availing himself of access to the courts. Hooks v. Kelley, 463 F.2d 1210 (C.A.5, 1972); Campbell v. Beto, 460 F.2d 765 (C.A.5, 1972); Grene v. Britton, 455 F.2d 473 (C.A.5, 1972); Andrade v. Hauck, 452 F.2d 1071 (C.A.5, 1971).

Affirmed as to the excuse of jurors issue. As to all other issues, Vacated and Remanded for further consideration.