779 F.2d 52
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TOMMY T. PRICE-BEY, Plaintiff-Appellant,
v.
JAMES MURPHY, Defendant-Appellee.
 85-1200
 United States Court of Appeals, Sixth Circuit.
 10/10/85
 
 VACATED AND REMANDED
 E.D.Mich.
 ORDER
 BEFORE: MARTIN and WELLFORD, Circuit Judges; and WEICK, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon the appellant's motion for counsel and upon the appellee's motion for an extension of time to respond to appellant's informal brief. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, appellant's informal brief and the respective motions, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Under the circumstances of this case, the appellee's motion for extension of time has not been filed in a timely fashion. The appellee was given to August 24, 1985, to file a response to the informal brief. The request for an extension came nearly three weeks after the deadline. Therefore, the motion for an extension of time is denied.
 
 
 3
 Tommy T. Price-Bey is appealing the decision of the district court dismissing his 42 U.S.C. Sec. 1983 action pursuant to 28 U.S.C. Sec. 1915(d). This is a prisoner civil rights action whereby the appellant contends that he has been discriminated against because he made grievances against the appellee, James Murphy. The issue on appeal is whether the appellant's action is frivolous pursuant to Sec. 1915(d).
 
 
 4
 The appellant is an inmate at a Michigan state prison in Jackson, Michigan. He alleges that he made two grievances against the appellee. James Murphy was the supervisor of the prison textile factory where the appellant worked. Shortly after the grievances were heard, the appellant's classification was altered so that he could no longer work in the textile factory. Evidently, subsequent to the filing of the grievances, Murphy ordered a shake-down of the appellant's cell, and the reclassification was made after the appellant received a misconduct citation for having two institutional tee shirts in his cell. Apparently, it was alleged that the tee shirts were stolen from the textile factory.
 
 
 5
 The appellant's complaint frames the claim in terms of discrimination. He argues that he has been improperly reclassified in retaliation to the grievances he filed against Murphy. The district court dismissed the case as frivolous under 28 U.S.C. Sec. 1915(d) because the appellant's complaint made broad and conclusory allegations of discrimination and because the appellant had requested the return of his textile job, relief which does not amount to a liberty or property interest under Sec. 1983.
 
 
 6
 Although the district court has broad discretion to dismiss a complaint as frivolous under Sec. 1915(d), this Court must independently examine the complaint to determine whether it is frivolous; pro se complaints are to be liberally construed in favor of the plaintiff. Malone v. Colyer, 710 F.2d 258 (6th Cir. 1983). 'An action is frivolous under Sec. 1915(d) if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.' Id. at 261.
 
 
 7
 Through liberal interpretation of the complaint, it appears that the appellant could prove a set of facts which would entitle him to relief. Prisoners have a right to petition prison authorities for redress, and a violation of this right occurs when prison officials engage in intimidation, harassment, including retaliation or deprivation of privileges in response to a prisoner's assertion of that right. See Wolfel v. Bates, 707 F.2d 932 (6th Cir. 1983); Andrade v. Hauck, 452 F.2d 1071 (5th Cir. 1971); Stovall v. Bennett, 471 F.Supp. 1286, 1291 (M.D. Ala. 1979). If the appellant can show that the reclassification and misconduct ticket were issued in retaliation to his filing the grievances, he might state a cause of action under the aforementioned authorities.
 
 
 8
 Accordingly, it is ORDERED that the appellee's motion for a time extension and appellant's motion for counsel be denied and the district court judgment be vacated and remanded pursuant to Rule 9(d)(4), Rules of the Sixth Circuit.