Paul James KOUMJIAN, Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTION DIVISION and University of Texas Medical Branch, Correctional Managed Care, Appellees.

No. 10–08–00141–CV.

Court of Appeals of Texas, Waco.

Sept. 24, 2008.

Paul James Koumjian, Huntsville, pro se.

Calysta L. Johnson, Office of Atty. Gen., Austin, for Appellee/Respondent.

## DISSENT TO ORDER

BILL VANCE, Justice.

This is an appeal of the trial court's dismissal of pro se inmate Paul James Koumjian's lawsuit on frivolousness grounds. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(b) (Vernon 2002).

## Background

Koumjian sued the Texas Department of Criminal Justice—Institutional Division (TDCJ—ID) and the University of Texas Medical Branch, Correctional Managed Care (UTMB) for state and federal claims, as follows (as alleged in his first amended complaint):

1. negligence and deliberate indifference in not protecting him from other inmates, including TDCJ—ID's intentional transfer of Koumjian, who is disabled, from special housing for disabled inmates to "minimum custody" and then to "medium custody" to expose him to more aggres-

---

sive inmates, including cellmates, who have persistently assaulted him;

2. deprivation of personal property, including eyeglasses, legal materials, a fan, an extension cord, and clothing;

3. exposure to high heat and humidity conditions without his fan, despite being under medical restriction to not be so exposed;

4. unconstitutional denial of direct access to the prison law library and thus, denial of access to the courts;

5. inadequate cell delivery of legal research materials;

6. deliberate indifference to negligent treatment of Koumjian's spinal injury;

7. delay and denial of prescribed surgical treatment of his "left chest wall lipoma";

8. retaliation for filing this suit, including solitary confinement based on a forged and anonymous note, confiscation of property (*i.e.*, supplies for preparing and sending legal documents, such as stamps, paper, and typewriter cartridges), reviewing his legal materials, and freezing his inmate trust account (allegedly to prevent him from purchasing supplies); and

9. violations of the Americans with Disabilities Act and Rehabilitation Act.

Koumjian also sought a temporary restraining order and injunctive relief.

On July 9, 2008, Koumjian filed a motion for extension of time to file his brief, alleging that it is extremely difficult for him to prepare his brief because of TDCJ–ID's retaliatory and obstructive conduct in freezing his inmate trust account. That motion was dismissed without prejudice as premature on July 29 because Koumjian's brief was not yet due.

**Overdue Brief**

In a September 2 letter request, Koumjian asked us to reinstate his motion for extension of time, writing:

I am being obstructed and hindered in presenting my Appellant's Brief in this case by the Defendants and their agents and employees continually physically preventing me from entering the unit law library hence being unable to access any law book and the clerk's record which is kept in the law library. Additionally, as I showed in my recently filed motion for extension of time to file the appellant's brief, the Defendants have shut off and disabled my inmate trust fund account effective 11/14/07 to date and refused to reinstate it to active status, despite repeated grievances and investigations on the issue. Finally, I am being subjected to repeat harassment from unit officials due to my pursuits of legal remedies in the courts, which includes this case. Therefore, *I respectfully request your office's reinstatement of my previously dismissed motion for time extension to file the brief, and for it to be considered in conjunction with this letter* informing the Court of Appeals of the Defendant's obstruction and hindrance of my attempts to litigate in this Court, in support of being granted a time extension to file the Appellant's Brief and other pleadings.

We recently reversed a trial court's dismissal of an inmate's section 1983 suit that is based on retaliation for the inmate's exercise of his constitutional right to access the courts. *Brewer v. Simental,* —— S.W.3d ——, ——, 2008 WL 4172719 (Tex. App.-Waco Sept.10, 2008, no pet. h.). In that case the gist of the inmate's claim was that the TDCJ—ID defendants were obstructing his access to the law library by altering his work assignments to conflict with his law library sessions.

Thus, I dissent to the Court's following order on Koumjian's request:

Appellant requests that the Court reinstate his previously dismissed motion for extension of time to file his appellate brief. We deny that request.

Appellant's brief was due September 8, 2008. We order Koumjian to file his brief on or before 35 days from the date of this letter order.

Given Koumjian's allegations, I would reinstate and formally rule on his motion for extension of time. Moreover, I would abate this appeal and remand this cause to the trial court for a full evidentiary hearing on Koumjian's allegations and direct the trial court to allow Koumjian to subpoena all persons whom Koumjian claims are obstructing him from preparing his appellant's brief. I would also direct the trial court to order the warden of the TDCJ—ID unit at issue to personally attend the hearing and be subject to questioning. Finally, I would also direct that a reporter's record be made of the hearing and that the trial court issue findings of fact and conclusions of law and order any appropriate relief for Koumjian. "[T]he court with which [the inmate] sought contact, and not his jailer, will determine the merits of his claim." *Brewer*, —— S.W.3d at —— n. 5, 2008 WL 4172719, at *8 n. 5 (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995)) (quoting *Andrade v. Hauck*, 452 F.2d 1071, 1072 (5th Cir.1971)).