[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15892
Non-Argument Calendar

_____

D. C. Docket No. 08-00048-CV-2

ALFRED WAYNE LEE,

Plaintiff-Appellant,

versus

WARDEN D. HUDSON, in his individual
and official capacity,
OTHER UNNAMED FEDERAL CORRECTIONAL OFFICERS,
FEDERAL BUREAU OF PRISONS,
UNITED STATES DEPARTMENT OF JUSTICE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 25, 2009)

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Alfred Wayne Lee, a federal prisoner proceeding pro se, appeals from the district court's dismissal of his pro se civil rights action, brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). For the reasons set forth below, we affirm in part and vacate and remand in part.

**I.**

Proceeding in forma pauperis ("IFP"), Lee filed this pro se civil rights action, pursuant to Bivens,[1] against D. Hudson, Associate Warden at Federal Correctional Institution in Jesup, Georgia, "other unnamed federal correctional officers," the Federal Bureau of Prisons ("BOP"), and the United States Department of Justice ("DOJ"). He alleged that on March 14, 2008, Hudson, as part of what was supposedly a routine inspection, entered Lee's prison cell in his absence and removed several of his legal materials. As a result, Lee asserted that he was denied the right of access to the courts because Hudson removed all of the legal materials that Lee had compiled for an unrelated appellate brief that was due nine days later in this Court — in Case No. 08-10324. In addition to his

---

[1] Although Lee cited 42 U.S.C. § 1983, his complaint is properly construed as one brought pursuant to Bivens, as he sued only federal, not state, actors. See Hartman v. Moore, 547 U.S. 250, 254 n.2, 126 S.Ct. 1695, 1700 n.2, 164 L.Ed.2d 441 (2006).

access-to-courts claim, Lee alleged that Hudson's seizure and confiscation of his legal materials violated his Fourth Amendment and due process rights. With respect to his due process claim, Lee emphasized that he was never notified about the confiscation, in violation of the BOP's policy statements and legal directives. Lee also alleged that, before the March 14 incident, unnamed prison officials had delayed his outgoing mail, including his legal correspondence, in violation of federal criminal law.

Because Lee was proceeding IFP, a magistrate judge screened his complaint, pursuant to 28 U.S.C. § 1915A. In recommending that the district court dismiss Lee's complaint for failure to state a claim, the magistrate first concluded that Lee failed to state an access-to-courts claim against Hudson because he had not shown any actual injury. The magistrate also found that Lee made no factual allegations against the remaining defendants and, therefore, his complaint failed to set forth a short and plain statement, as required under Fed.R.Civ.P. 8(a). Significantly, the magistrate did not address the remainder of Lee's allegations, including his due process claim. Overruling Lee's objections and supplemental objections, the district court adopted the magistrate's report and dismissed Lee's complaint. Lee subsequently filed a motion for reconsideration, which the district court summarily denied. This appeal followed.

3

**II.**

Under the Prison Litigation Reform Act, "the district court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted . . . ." Id. § 1915A(b)(1). Similarly, the district court must dismiss any complaint filed by an individual proceeding IFP if it fails to state a claim. Id. § 1915(e)(2)(B)(ii).

Applying the same standards used in the context of Fed.R.Civ.P. 12(b)(6), we review such dismissals de novo, viewing the allegations in the complaint as true. See Leal v. Georgia Dep't of Corrs., 254 F.3d 1276, 1278-79 (11th Cir. 2001) (addressing dismissals under § 1915A(b)); Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (addressing dismissals under § 1915(e)(2)(B)(ii)). In this respect, we liberally construe Lee's pro se complaint. Douglas v. Yates, 535 F.3d 1316, 1320 (11th Cir. 2008).

**III.**

We first conclude that Lee failed to state an access-to-courts-claim because

4

he did not show any actual injury.  See Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006).  Although he asserts that Hudson confiscated all of the legal materials that he had compiled in preparation for an unrelated appellate brief due in this Court, a review of that appeal reveals that Lee filed his brief without incident. See Bass v. Singletary, 143 F.3d 1442, 1446 (11th Cir. 1998).

We next conclude that Lee failed to state a Fourth Amendment claim, as the Supreme Court has held that "[p]risoners have no Fourth Amendment rights against searches of their prison cells . . . ."  Padgett v. Donald, 401 F.3d 1271, 1278 (11th Cir. 2005) (citing Hudson v. Palmer, 468 U.S. 517, 525-26, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)).  We similarly conclude that dismissal was proper with respect to Lee's claims against the DOJ and BOP.  See F.D.I.C. v. Meyer, 510 U.S. 471, 484-86, 114 S.Ct. 996, 1005-06, 127 L.Ed.2d 308 (1994) (holding that Bivens does not provide a cause of action against federal agencies).  Lee's allegation that unnamed prison officials violated federal criminal statutes by delaying his outgoing legal mail also does not state a claim under Bivens.

Although dismissal was proper with respect to the above claims, we vacate and remand Lee's due process claim because the district court failed to address it, and it is not readily apparent from the complaint why this claim is due to be dismissed as a matter of law.  See Simmons v. Wainwright, 462 F.2d 1340, 1342

5

(5th Cir. 1972) ("Because of the district court's failure to enter findings and conclusions with respect to all of the appellant's claims under 42 U.S.C. § 1983, we are compelled to vacate the judgment below, and remand the cause.").[2] Accordingly, we vacate and remand Lee's due process claim for further proceedings, but we affirm the district court's dismissal of his other claims.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

---

[2] We adopted as binding precedent all decisions of the former Fifth Circuit announced prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).