[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12704
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-10096-CV-KMM

DENNY R. WOOD,

                                                            Plaintiff-Appellant,

versus

BRIARWINDS CONDOMINIUM
ASSOCIATION BOARD OF DIRECTORS,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 3, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Denny Wood, pro se, appeals the district court's dismissal of several of his

claims brought under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604, 3617, and of his breach of contract claim; grant of summary judgment to Briarwinds Condominium Association Board of Directors ("Briarwinds") as to his two remaining FHA claims; and denial of his motion to appoint counsel. After thorough review, we affirm in part and vacate and remand in part.

First, we affirm the district court's dismissal of Wood's FHA claims. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege in his complaint sufficient facts "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citation omitted). Thus, "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). However, we construe pro se pleadings liberally. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

The FHA provides that it is unlawful to "discriminate against any person in terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2)(A). Discrimination under § 3604 includes "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be

necessary to afford such person full enjoyment of the premises" or "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. §§ 3604(f)(3)(A) & (B).

With respect to each of the dismissed discrimination claims, Wood either abandoned the claim or failed to allege any FHA violation. Specifically, Wood abandoned his claims that Briarwinds's failure to store the pool lift during inclement weather and that the reconfiguration of his parking space violate the FHA, because he did not raise those arguments on appeal. See Horsely v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002). Nor will we consider Wood's claim that the use of a mask and snorkel in the community pool is a legitimate accommodation for his disability, because he does not provide any argument in support of this request or otherwise explain how Briarwinds's pool rules violate the FHA. Id.

As for Wood's other claims -- (1) inaccessibility of Briarwinds's pool furniture; (2) inaccessibility of Briarwinds's picnic tables and grills; (3) Briarwinds's failure to allow Wood to install a heat pump in the pool; and (4) Briarwinds's use of speed bumps in the parking lot -- we adopt the district court's thorough reasoning dismissing them. Wood does not allege that Briarwinds

refused his offer to modify any of the above-mentioned property conditions at his own expense, other than the lack of a pool heater, which does not constitute discrimination under the FHA because heating the pool is not required to ensure that Wood can enjoy the pool area equally with non-disabled residents, see 42 U.S.C. §§ 3604(f)(2)(A), (f)(3)(A) & (B). Further, the district court correctly dismissed Wood's claim that the design of the guest parking spaces were discriminatory, because he did not have standing to bring that claim. His complaint contains no allegation that he ever used those parking spots or suffered any injury himself from their design. See Elend v. Basham, 471 F.3d 1199, 1205 (11th Cir. 2006).

The FHA also provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed" any right granted or protected under the FHA. 42 U.S.C. § 3617; see Sofarelli v. Pinellas County, 931 F.2d 718, 722 (11th Cir. 1991) (finding that a note threatening "to break [the plaintiff] in half," hitting his truck, shouting obscenities and spitting at him constituted coercion and intimidation under § 3617 when there was also an indication that there was a discriminatory motivation behind that conduct). As for Wood's FHA retaliation claim, he failed to allege conduct that rises to the level of coercion or intimidation

under the FHA; he alleges only that he was retaliated against when his van, which was leaking oil, was towed, a board member complained that he was violating the pool rules by using a mask and snorkel in the pool, and the same board member assessed fines against Wood for the oil leak and took photographs of him. That conduct does not rise to the level of intimidation or threats, nor did Wood demonstrate any nexus between the complained about conduct and his FHA protected activity. Therefore, the district court did not err in dismissing these FHA discrimination and retaliation claims.

Wood also argues that the district court erred in dismissing his breach of contract claim[1], which alleged that Briarwinds violated previous contractual agreements dictating the size of his parking space. Briarwinds says on appeal that this issue is moot, because Briarwinds has reconfigured the parking space to meet Wood's specifications. However, it appears that no evidence of this modification was presented to the district court. Moreover, the district court did not adequately address Wood's breach of contract claim. It states only that "Wood has failed to allege that his parking space violates the FHA or a prior conciliation agreement,"

---

[1] In liberally construing Woods's pro se complaint, we find that he raised a breach of contract claim. Although all three of the counts he alleges in his complaint are brought under the FHA, he also states that he is seeking to have the terms of the conciliation agreements he entered into with Briarwinds enforced. In addition, in Briarwinds's answer to Wood's complaint, it states that "Defendant admits that Plaintiff purports . . . to enforce a prior settlement agreement which Plaintiff contends the Defendant has breached" (Answer ¶ 4).

5

and does not address Wood's contention in his complaint that Briarwinds "violated the terms of the Conciliation Agreement of 1994 . . . by reducing the plaintiff's assigned parking space to 89 inches from the 144 inches." See Simmons v. Wainwright, 462 F.2d 1340, 1342 (5th Cir. 1972) (vacating and remanding a district court's dismissal of a plaintiff's claims under 42 U.S.C. § 1983 because the district court failed to enter findings and conclusions with respect to all the plaintiff's claims); Imperial Residential Design, Inc. v. Palms Dev. Group, Inc., 29 F.3d 581, 583 (11th Cir. 1994) (stating that without an explanation from the district court about its factual and legal conclusions on an issue, we cannot effectively review the issue an appeal).

Accordingly, we vacate and remand the district court's dismissal of Wood's breach of contract claim so that the district court may determine whether this claim in now moot, or in the alternative, to explain its reasons for dismissing Wood's breach of contract claim.

Third, Wood argues that the district court erred in granting summary judgment to Briarwinds on his two remaining FHA claims on statute of limitations grounds. We are unpersuaded. Under the FHA, an individual may sue "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A) (emphasis added). A statute of

limitations begins to run when "facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." Hipp v. Liberty Nat'l Ins. Co., 252 F.3d 1208, 1222 (11th Cir. 2001) (quotation marks and citations omitted). In the case of a continuing violation, the statute of limitations will run from the moment the violation begins if the violation continues only because of the plaintiff's knowing failure to seek relief. See Roberts v. Gadsden Mem'l Hosp., 850 F.2d 1549, 1550 (11th Cir. 1988) (finding a claim of a "continuing" injury was time-barred when the plaintiff knowingly failed to exercise his rights); see also Mangum v. Action Collection Serv., Inc., 575 F.3d 935, 946 (9th Cir. 2009) ("[T]he FHA's statute of limitations starts the clock on the date the violation occurs . . . . The occurrence of the discriminatory housing practice . . . is the failure to design and construct, not the plaintiff's discovery of the violation.") (quotation marks and citations omitted).

Wood has been aware of all of the physical attributes of Briarwinds about which he now complains for more than two years. With respect to the first FHA claim that the district court rejected on summary judgment, Wood acknowledges that the challenged pathway has been the same since at least 1993, when he became a permanent resident of Briarwinds, and that he was aware of its existence. Similarly, the use of crushed rock in the atrium, which forms the basis of Wood's

7

other FHA claim, was undisputably in place with Wood's knowledge since 2005. Accordingly, both claims are barred by the FHA's two-year statute of limitations.

Finally, Wood argues that the district court erred when it denied his motion to appoint counsel for him. In deciding whether to appoint counsel, the district court "has broad discretion . . . and should appoint counsel only in exceptional circumstances." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (citations omitted). Because Wood failed to establish any exceptional circumstances justifying the appointment of counsel, particularly where he primarily alleged straightforward FHA and breach of contract claims concerning the wheelchair accessibility of his residence, the district court did not abuse its considerable discretion in denying his motion to appoint counsel.

**AFFIRMED in part, VACATED and REMANDED in part.**