[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13910

_____

D. C. Docket No. 08-21377-CV-JLK

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 2, 2010
JOHN LEY
CLERK

VIRGINA TELESCA,
MICHAEL TELESCA,
MARIA TELESCA,
WILLIAM CHIARELLO,

Plaintiffs-Appellants,

versus

THE VILLAGE OF KINGS CREEK
CONDOMINIUM ASSOCIATION, INC.,
MIREYA VILLAVERDE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 2, 2010)

Before BLACK, WILSON and COX, Circuit Judges.

PER CURIAM:

Virginia Telesca, Michael Telesca, Maria Telesca, and William Chiarello, Appellants, filed a discrimination and retaliation suit against The Village of Kings Creek Condominium Association ("VKC") and Mireya Villaverde, VKC manager, under the Federal Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604(f)(2), 3617, Florida Fair Housing Act, Fla. Stat. §§ 760.23(8), 760.37, and § 11A-12(1)(b) & (r) of the Miami-Dade County Code of Ordinances.[1] The district court granted VKC's motion to dismiss as to the discrimination claims because they were barred by the statute of limitations and because the Telescas failed to establish standing. The district court dismissed Appellants' retaliation claim for lack of standing. We find the district court erred in determining that the Telescas failed to establish standing under the FHA. However, we affirm the district court's order of dismissal because the complaint failed to state a claim within the FHA's statute of limitations. As for Appellants' retaliation claim, we affirm the district court's dismissal on alternative grounds.

## I. BACKGROUND

---

[1]The Florida Fair Housing Act, Fla. Stat. §§ 760.23(8), 760.37 are substantially identical to the Federal Fair Housing Act, 42 U.S.C. §§ 3604(f)(2), 3617. *Loren v. Sasser*, 309 F.3d 1296, 1299 n.9 (11th Cir. 2002). Section 11A-12(1)(b) & (r) of the Miami-Dade County Code of Ordinances is also substantially identical to the Federal Fair Housing Act, §§ 3604(f)(2), 3617.

Virginia and Michael Telesca reside in Massapequa Park, New York and own a condominium unit at VKC in Kendall, Florida. The VKC unit has served as their second home for more than fifteen years. VKC has several handicap parking spaces throughout the parking lot that are available on a first-come-first-serve basis. According to Appellants, the handicap parking spaces are located a considerable distance from their unit.

Virginia and Michael Telesca's health declined, and they requested that VKC assign them a parking space close to their unit. VKC denied their request in 2004 because the policy at VKC was that all parking spaces were unassigned. Appellants renewed their request for an assigned parking space in 2005, however, VKC again denied the request and found that the available handicap spaces were a reasonable accommodation. Then, on February 12, 2007, the Telescas once again requested an assigned parking space closer to their unit and VKC denied the request. Michael and Virginia Telesca's health problems have made it difficult for them to visit their VKC unit since 2004. They allege that VKC's failure to assign them a parking space has prevented them from visiting their VKC unit.

The Telescas filed their initial complaint on May 12, 2008 alleging that VKC's denial of their requests for an assigned parking space constituted harassment, retaliation, and discrimination in violation of the FHA, the Florida Fair

3

Housing Act, and § 11A-12(1) of the Miami-Dade County Code of Ordinances. The district court dismissed the complaint with leave to amend because the Telescas did not plead a particularized injury in their complaint. Appellants filed their second amended complaint on January 14, 2009. The second amended complaint added Chiarello as a plaintiff. The second amended complaint alleged: (1) that VKC discriminated against Appellants on the basis of their handicap, in violation of the FHA, the Florida Fair Housing Act, and § 11A-12(1) of the Miami-Dade County Code of Ordinances; and (2) that VKC retaliated against "the Plaintiffs" due to "the Plaintiffs'" exercise of their rights under the FHA, the Florida Fair Housing Act, and § 11A-12(1) of the Miami-Dade County Code of Ordinances.

The district court granted VKC's motion to dismiss Appellants' second amended complaint. The district court found that Appellants had failed to plead a particularized injury that fell within the two year statute of limitations. The only specific injury that Appellants stated in their amended complaint was an incident that occurred in 2005 when Maria Telesca visited her VKC unit. Ms. Telesca was unable to find an available handicap parking space and parked in a resident parking space, which resulted in her car being towed. The district court found that this incident fell outside the two year statute of limitations. Furthermore, the district

4

court ruled that the Telescas did not satisfy the "standing requirements for claims arising under the FHA." Doc. 41 at 4. It was the opinion of the district court that the FHA was not intended to create a cause of action for properties that were not one's full-time residence.

## II. STANDARD OF REVIEW

"We review the grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. The interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review." *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009) (citations and quotation omitted).

## III. DISCUSSION

The FHA prohibits discrimination "in the provision of services or facilities in connection with [a] dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2). Discrimination under this section of the FHA includes "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises." *Id*. § 3604(f)(3)(A). Discrimination also includes "a refusal to make reasonable accommodations in

5

rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id*. § 3604(f)(3)(B).

A. *The Telescas Have Standing under the Federal Fair Housing Act*[2]

"[T]he only requirement for standing to sue under [the FHA] is the Art. III requirement of injury in fact." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 376, 102 S. Ct. 1114, 1122 (1982). There are three elements to Article III standing.

> "First, the plaintiff must have suffered an injury in fact— an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of— the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136 (1992) (alterations omitted) (internal citations and quotations omitted).

---

[2]Appellants' second amended complaint alleged that Chiarello was an aggrieved party for the purposes of the discrimination claim. The district court's order of dismissal seems to ignore Chiarello's claim under the FHA's anti-discrimination provision and focuses only on the Telescas' standing to bring a discrimination claim under the FHA.

Appellants' second amended complaint does not plead facts sufficient to show that Chiarello was discriminated against on the basis of his own handicap or the handicap of any person he was associated with. *See* 42 U.S.C. § 3604(f)(2)(A) & (C). Therefore, our finding that the Telescas have standing to bring a discrimination claim under the FHA does not extend to Chiarello.

The district court ruled that "while it may be a reasonable accommodation to provide a full-time resident with a reserved parking space, it is not a reasonable accommodation to provide one to someone who only visits once per year." Doc. 41 at 6. In other words, the Telescas lacked standing to bring a claim under the FHA because their VKC unit was not their permanent residence.

The FHA explicitly states that it creates a cause of action for owners of a dwelling. 42 U.S.C. § 3604. The FHA defines a dwelling as "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families." *Id*. § 3602(b). In *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1214 (11th Cir. 2008), we noted that the definition of dwelling relies on the undefined term "residence." After examining the plain meaning of residence, *Schwarz* concluded that "the administrative definition of 'dwelling unit' suggests, the house, apartment, condominium, or co-op that you live in is a 'residence,' but the hotel you stay in while vacationing at Disney World is not." *Id.*

*Schwarz* identified two relevant principles in determining whether a property is a dwelling:

> "(1) the more occupants treat a building like their home— *e.g.*, cook their own meals, clean their own rooms and maintain the premises, do their own laundry, and spend free time together in common areas— the more likely it is a 'dwelling'; and (2) the longer the typical

7

occupant lives in a building, the more likely it is that the building is a 'dwelling.'"

*Id*. at 1215. We concluded in *Schwarz* that a drug and alcohol treatment center was a dwelling for the purposes of the FHA because the residents of the treatment center stayed an "average [of] six to ten weeks— much longer than the one to two day stays of most hotel guests," and the residents had "common living areas, such as kitchens and living rooms." *Id*. at 1215–16. Our focus in *Schwarz* was not to set a minimum time period which a resident must inhabit a property for it to attain the status of a dwelling; rather, our analysis focused on whether the property was distinguishable from a hotel room in such a way that it transformed from mere lodging into the plaintiff's home, regardless of whether it was their primary, secondary, temporary, or permanent home.

There is no doubt that the Telescas alleged that the VKC unit at issue in this case was a secondary *home*. The Telescas allege that they purchased the unit for their own personal use, and that they used the unit accordingly on a regular basis until 2005. The second amended complaint gives no indication that the VKC unit was a mere investment property. We assume that the two-bedroom unit has common living areas in which the Telescas spent their free time. Further, while not indicated in the record, we believe it safe to assume that the Telescas took on a variety of daily tasks, such as cooking and cleaning, while inhabiting the unit. The

8

fact that the Telecas' unit was a *secondary* or *vacation* home does not divest them of standing under the FHA.

*B.*      *Appellants' Claim is Barred by the Statute of Limitations*

Appellants did not, however, state an actual injury that was within the two year statute of limitations of the FHA. 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person may commence a civil action . . . not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice"). The Telescas filed their initial complaint on May 12, 2008, and the district court dismissed the complaint with leave to amend. The district court specifically instructed the Telescas that they must state a particular injury in order to have a cognizable claim under the FHA. Appellants filed their second amended complaint on January 14, 2009. The second amended complaint contained a paragraph stating that "Maria Telesca arrived at the complex to visit her unit in 2005 and attempted to park in the designated handicapped parking spaces provided but all handicapped spaces were occupied." Doc. 32 at 4.

The FHA's statute of limitations begins to run as soon as "facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." *Wood v. Briarwinds Condo. Ass'n Bd. of Dirs.*, 11th Cir. 2010, __ F. App'x __, at *3 (No. 09-12704, March 3, 2010) (per curiam) (citation and

9

quotation omitted). "A claim arising out of an injury which is 'continuing' only because a putative plaintiff knowingly fails to seek relief is exactly the sort of claim that Congress intended to bar by the . . . limitation period." *Roberts v. Gadsden Mem'l Hosp.*, 850 F.2d 1549, 1550 (11th Cir. 1988) (per curiam).

The only specific injury alleged in Appellants' second amended complaint was an incident in 2005. Appellants were aware of VKC's refusal to accommodate their requests, and yet, they failed to file a claim under the FHA within the two year statute of limitations. Therefore, Appellants' claim of discrimination was barred by the FHA's two year statute of limitations.

## C. *Appellants' Retaliation Claim Fails*

Appellants' second amended complaint accuses VKC of retaliation against "the Plaintiffs." The retaliatory acts alleged by Appellants were committed by employees of VKC against Chiarello, Virginia and Michael Telesca's grandson. In their initial appellate brief, Appellants argue that both Chiarello and the Telescas have standing to assert a retaliation claim.

42 U.S.C. § 3617 reads:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

10

Chiarello does not have standing to assert a retaliation claim. The plain language of § 3617 only creates a cause of action for persons who are themselves exercising a right under the Act or somehow aiding another in exercising their rights under the FHA. Chiarello was not exercising any rights protected under the FHA. Further, Appellants have not pleaded facts sufficient to show that Chiarello did anything to aid or encourage the Telescas in their claims under the FHA.

In the alternative, Appellants' initial brief argues that the Telescas have a cause of action against VKC for retaliation. Under this theory, the harassment of Chiarello results in the Telescas' loss of enjoyment of the VKC unit because they were denied the right to use their unit as they wished, i.e., allowing Chiarello to live in the unit peacefully.

However, the second amended complaint did not plead either theory of retaliation with sufficient particularity. In order to survive a motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (alteration omitted) (quotations and citations omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

11

recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S. Ct. at 1964–65 (alteration omitted) (quotation marks omitted).

Appellants' second amended complaint stated that VKC retaliated against "the Plaintiffs." The complaint does not state whether the retaliation claim is being brought by the Telescas or Chiarello. As discussed above, the distinction is important because Chiarello was not exercising any rights under the FHA, and he would have to show that he was aiding the Telescas in their claim in order to have standing to bring a retaliation claim. A retaliation claim brought by the Telescas alleging that the actions committed against their grandson, Chiarello, is a wholly different claim. The broad reference to "the Plaintiffs" is not sufficiently particular to provide VKC with notice of the specific theory of retaliation with which Appellants were proceeding.

## IV. CONCLUSION

The Telesecas, as owners of a secondary home, have standing to bring a claim against VKC under the FHA. However, the Telescas failed to state a claim that fell within the FHA's two year statute of limitations. Furthermore, the second amended complaint did not plead a retaliation claim with a sufficient level of clarity so as to give VKC adequate notice of the particular retaliation claim being filed. Therefore, we find that the district court was proper in dismissing

Appellants' complaint.

**AFFIRMED.**